## CITY OF NASHVILLE v. STATE BOARD OF EQUALIZATION, etc., et al.—363 S. W. (2d) 520.

Middle Section, at Nashville. March 30, 1962.

Certiorari Denied by Supreme Court December 7, 1962.

Frank S. King, Jr., Nashville, for petitioner.

Val Sanford, Nashville, for Watkins Institute.

Milton P. Rice, Nashville, for State Board of Equalization.

I

SHRIVER, J. The question for determination here is whether or not certain real estate, title to which is in the State of Tennessee as Trustee for the use and benefit of Watkins Institute in Nashville, is exempt from taxation by the City of Nashville.

The City filed a Petition for Certiorari and Supersedeas in Part Two of the Chancery Court at Nashville seeking to set aside a decision of the State Board of Equalization which held that the property in question was exempt from taxation. The Writ of Certiorari was issued and, after a hearing, Chancellor Alfred T. Adams sustained the ruling of the State Board of Equalization. From this Chancery decree the City of Nashville has appealed and has assigned errors.

II

The Facts

The essential facts involved herein are as follows:

By will of Samuel Watkins probated in Davidson County October 20, 1880, $100,000 was bequeathed to the

State of Tennessee as Trustee, and, by codicil, the property located at the southwest corner of what is now Sixth Avenue North and Church Street, was devised to the State as Trustee. The money and property was to be used for the establishment and maintenance of an educational institution to be known as Watkins Institute. The will also provided that the governor of Tennessee, by and with the consent of the Senate, was authorized to appoint three persons as Commissioners of Watkins Institute, which Commissioners and their successors should have superintendence and management of the Institute, but their management was to be, at all times, subject to inquiry by and under the protection of the State.

The General Assembly of Tennessee passed an act entitled ''An Act to Authorize the State of Tennessee to accept the Trust for the Organization and Management of Watkins Institute,'' said Act being Chapter 49 of the Acts of 1881.

After the Commissioners were appointed and assumed their duties the original Watkins Institute building was erected on the property devised to the State of Tennessee as Trustee by Mr. Watkins.

From the beginning, the lower floors of this structure were leased to private business tenants with the income from such leases being used to maintain the educational program of the Institute.

By deed dated April 25, 1902, Mrs. Ann E. Webber gave to the State of Tennessee, as Trustee for the use and benefit of Watkins Institute, two lots on the westerly side of what is now Fifth Avenue, North in Nashville. This deed recited the creation of Watkins Institute, the ac-

ceptance of the trust by the State, and provided that the property conveyed would be used for the same purposes and subject to the same trusts as the property devised by Mr. Watkins.

By Chapter 369 of the Acts of 1905, the General Assembly recited that the State had accepted the trust as hereinabove described; that it was manifestly to the advantage of the youth of the State, and particularly of Nashville, that the trust be accepted and provided that the action of the Governor and the Commissioners be approved and the trust, thereby created, be accepted by the General Assembly for and on behalf of the State of Tennessee.

From the time of its acceptance by the State the property in question has been leased to private concerns with the income being used for the educational program of Watkins Institute.

Neither the State of Tennessee nor Davidson County has ever assessed these properties for taxation, and the City of Nashville did not attempt to assess them until 1936.

It is to be noted that in 1935 the General Assembly amended the provisions of the exemption statutes dealing with taxes on the property of educational, charitable and religious institutions and subsequent to the passage of the 1935 Act the City took the position that this amendment so affected the status of the property held for Watkins Institute as that it was subject to taxation. Thereafter, it assessed all of this property which was leased to others for the years 1936, 1937, 1938 and 1941.

On April 2, 1941 the State of Tennessee, suing by and through Honorable Roy H. Beeler, Attorney General, filed a bill in the Chancery Court against the City of Nashville challenging the validity of these assessments and praying for a declaratory judgment as to the status for taxation of this property held by the State as Trustee for the use and benefit of Watkins Institute.

The result of that suit was that the Chancellor held the property to be exempt from taxation and his decision was affirmed by the Supreme Court of Tennessee in State ex rel. Beeler v. Nashville, 178 Tenn. 344, 157 S. W. (2d) 839.

After the decision in said case the City made no further attempt to assess the subject property for taxation until 1960 at which time it made the following assessments:

"Woolworth, F. W. Co., lessee from Watkins Institute, 221-225 Fifth Avenue, North

| | |
|---|---|
| Land | $177,900 |
| Improvements | 94,000 |
| | $271,900 |

Burt Shoe Stores Inc., lessee from Watkins Institute, 235 Fifth Avenue, North

| | |
|---|---|
| Land | $ 95,000 |
| Improvements | 47,000 |
| | $142,000 |

"Grant, W. T. & Co., lessee from Watkins Institute, 601-609 Church Street

| | |
|---|---|
| Land | $253,800 |
| Improvements | 444,500 |
| | $698,300 " |

The lessees protested these assessments to the City Board of Tax Equalization and, at the hearing before that Board, they introduced the testimony of J. W. Denis, an expert in real estate matters in Nashville, which testimony, shown in the record of the proceedings before the State Board of Equalization, is to the effect that all the property in question was being leased at its full rental value. On the basis of that testimony which was not contradicted, the lessees contended that their leasehold interests had no separate value which was subject to taxation.

The tax assessor for the City of Nashville testified that the assessments had not been based on the value of the leasehold interests but on the value of the properties themselves and agreed that the lessees were paying the full rental value of the property.

The City Board of Equalization declined to remove the assessments, whereupon, the tenants and Commissioners of Watkins Institute, for and on behalf of the State of Tennessee as Trustee, filed petitions with the State Board of Equalization where the matter was heard on August 23, 1960. At this hearing counsel for the City of Nashville conceded that the City had no basis for assessing the leasehold interests of said lessees and that no attempt was being made to sustain the assessments as to them before the State Board of Equalization.

In order to expedite the matter the Commissioners of Watkins Institute agreed that the name of the legal owner be substituted in the assessments for the names of the lessees, and that the State Board could dispose of the matter on that basis. Thereupon, the State Board held that the subject property was exempt and set aside the City's assessments.

It was then that the City filed its petition in the Chancery Court for certiorari and supersedeas as hereinabove set forth.

From the Chancellor's decree holding the property to be exempt, an appeal was seasonably prayed and perfected to this Court.

### III

### Assignments of Error

There are seven assignments of error.

The first assignment is to the effect that the Court erred in holding that the decision of the Supreme Court in State ex rel. Beeler v. City of Nashville, supra, was res judicata as to the issues raised here.

We do not find that the Chancellor held that the present action was barred on a plea of res judicata, although there were substantial grounds for so doing. Since this question was not adjudicated in the Court below and is not essential to a determination of the case here, we think it proper to base our decision on other grounds as will be seen from our discussion hereinafter. It results that the first assignment is overruled.

The second assignment is that there is no evidence to support the judgment of the Court and the third assignment is that the judgment of the Court is contrary to the law and evidence in the case. Neither of these assignments is in compliance with the rules of this Court, they being insufficient and too general for consideration. The second and third assignments are overruled.

The fourth assignment is that the Court erred in holding that the real estate in question was exempt from taxation within the purview of Section 67-502 T. C. A.

For reasons hereinafter set forth assignment number four is overruled.

Assignments five, six and seven raise the question as to the constitutionality of Section 67-502 T. C. A. under the State and Federal constitutions, it being asserted that the Court should have held that this Statute, as construed and applied in this case, is unconstitutional and void under Article II, Section 28, of the Constitution of Tennessee and under the 14th Amendment, Section 1, Due Process provision of the United States Constitution. In assignment number seven it is said that it was error for the Chancellor to fail to hold that the following provision of the Statute is void under the State and Federal Constitutions;

"Provided, however, that all property of any educational institution owned, operated, or controlled by the state of Tennessee as trustee, or otherwise, shall be exempt from taxation."

## IV

Counsel for the respondents have argued at length and have cited numerous authorities in support of their argument that the case of State ex rel. Beeler v. Nashville, supra, is res judicata as to the tax exempt status of the subject property and as to the material issues raised herein.

As hereinabove stated, we do not find it necessary nor deem it proper to determine the case on that basis in as much as there was no such adjudication in the Court below.

On the other hand, we do consider that State ex rel. Beeler v. Nashville, 178 Tenn. 344, 157 S. W. (2d)

839, clearly supports the position of respondents that the property in question is exempt from taxation as was held by the Chancellor.

The opinion in the aforesaid case written by Mr. Chief Justice Green makes it abundantly clear that the questions raised in the case at bar were presented in that case and decided adversely to the contentions of the City in this case.

It is true that the Charter of the City of Nashville has been replaced with a new Charter since that decision and that there are some other slight differences, such as an additional constitutional question sought to be raised here, which lend some color to the argument of counsel for the City that that case could not support a plea of res judicata in the case at bar, nevertheless, the opinion itself and the pleadings which are exhibited make it clear that the decision of issues therein are determinative of those in this case.

As hereinbefore indicated, the State of Tennessee, by and through it's Attorney General, filed suit against the City of Nashville to determine the question of the tax exempt status of the properties which are involved in the suit at bar.

That was a declaratory judgment suit and the Court was called upon to declare the status of these properties with respect to taxation.

It is to be noted that the answer and cross-bill of the City in that case alleged that the property was not exempt because it was used in business in competition with other property and not for a public purpose; that the property in question was not the property of the

State of Tennessee, in fact, and was not exempt under the applicable statutes; and, furthermore, that the Legislature was without power to exempt the property and that its attempt to do so violated the State Constitution, especially Article II, Section 28, and Article XI, Section 8.

On October 10, 1941 the Chancery Court entered a final decree finding and declaring, "The property owned by the State of Tennessee and known as Watkins Institute property is exempt from taxation under the terms of Section 1085 of the Code of Tennessee, as amended by Chapter 47 of the Public Acts of 1935, and Chapter 110 of the Public Acts of 1937." The decree held that the subject property was exempt from taxation and that the assessments made by the City were void and of no effect, and, as hereinabove stated, the Supreme Court affirmed this decision.

The first paragraph of the opinion in State ex rel. Beeler v. City, supra, is as follows;

"The controversy here presented is over the right of the City of Nashville to assess for municipal taxes certain property located in that city, the income of which is exclusively devoted to the operation of Watkins Institute. The State denies this right asserted on behalf of the city, the State insisting that for purposes of taxation the property involved is to be regarded as State property used for educational purposes and exempt from taxes. The Chancellor decided in favor of the State and the city has appealed."

The opinion then recites a brief history of Watkins Institute and of the acceptance thereof by the State, under the wills of Mr. Watkins and of Mrs. Webber and

points out that the City was attempting to assess so much of the property as was held by way of investment and not physically used in the work of the Institute but the income of which was devoted to the exclusive use of the school's work.

The opinion refers to the sections of the Code involved and, among other things, states;

"It is of course conceded that education is a public purpose. An educational enterprise is still a public enterprise although it serves only a limited territory. The State might have created this institution and have levied a local tax for its support as it has created school districts in various counties. Quinn v. Hester, 135 Tenn. 373, 186 S. W. 459.

\* \* \* \* \* \*

"Granting that the State holds title to the Watkins Institute property merely as a trustee, this it does not seem to us takes the property out of the class of State property exempted from all taxes by Code section 1085 (1). The exemption is determined not by the nature of the State's title to the property but by the use of the property. If it is 'used exclusively for public county or municipal purposes' the property is exempt. The property here involved is so used as we have shown."

We see no escape from the force and effect of the foregoing decision as applied to the issues sought to be raised by the City in the instant case. And we find no merit in the contention of counsel for the City that the statutes in question are void under the State or the Federal Constitutions.

It results that the judgment of the Chancellor is in all things affirmed.

Affirmed.

Humphreys, J., and Crownover, Special Judge, concur.