George C. LaManna, Shelby County Assessor of
Property, Appellant,

*v.*

The University of Tennessee, Appellee.

462 S.W.2d 877.

(*Jackson*, April Term, 1970.)

Opinion filed January 4, 1971.

JAMES C. BEASLEY and HEARN W. TIDWELL, Memphis, for appellant.

THOMAS R. PREWITT, ARMSTRONG, ALLEN, BRADEN, GOODMAN, McBRIDE & PREWITT, Memphis, for appellee.

MR. JUSTICE CRESON delivered the opinion of the Court.

This cause comes to this Court on appeal from a decree of the Chancery Court of Shelby County.

In the course of this opinion, the parties will be referred to as they appeared in the court below; that is, appellee, The University of Tennessee, as complainant, and appellant, George C. LaManna, as defendant.

Complainant, The University of Tennessee, is an educational institution owned and operated by the State of Tennessee. It is managed and controlled by a Board of Trustees appointed by the Governor, pursuant to T.C.A. sec. 49-3301 et seq.

Defendant, George C. LaManna, is the duly elected Assessor of Property for Shelby County, Tennessee, and is a party defendant in that capacity.

Both parties have filed in the record a statement, stipulating certain facts pertinent to this controversy. They are, that all property, both real and personal, of the complainant institution, including the real estate involved herein, is owned by the State in its sovereign capacity; that defendant did assess and place on the tax rolls of Shelby County, for the year 1970, five (5) separate parcels of real estate owned by complainant institution and situated in the City of Memphis, to-wit: George Vincent Hotel, George Vincent Motel, University Apartments, Dobbs House, Inc., and a Shell Service Station; that said assessments by the defendant became effective January 10, 1970; that the George Vincent Hotel and Motel and the University Apartments are leased and/or rented to the general public with the exception of two (2) floors of the University Apartments which are used exclusively as dormitory space for medical students; that the Dobbs House property is leased to Dobbs House, Inc.; that the Service Station property is leased to Shell Oil Company; finally, that said properties were acquired with a view toward prospective expansion, and all net income derived by complainant institution from said five (5) parcels of real estate is used solely and exclusively for educational purposes of complainant institution.

Subsequently, both parties filed an "Amendment to Stipulation of Facts" stating that defendant has assessed for the year 1970, personal property owned by complainant and located at the George Vincent Hotel and Motel, and the University Apartments; and that the

personal property assessments stand on the same basis as the real estate assessments.

Complainant averred that the five (5) parcels of real estate assessed by defendant come within the statutory exemption set out in T.C.A. sec. 67-502(2), which states in part:

"Provided, however, that all property of any educational institution owned, operated, or controlled by the state of Tennessee as trustee, or otherwise, shall be exempt from taxation."

Therefore, complainant averred that said assessments were illegal and void, and further, that defendant is without authority to assess for County taxes property owned by the State in its sovereign capacity.

Complainant prayed for a declaratory judgment and an injunction.

Defendant first filed a plea in abatement, contesting the Court's jurisdiction; however, he withdrew that plea and filed an answer. Defendant contended that the aforementioned properties are subject to taxation in accordance with the provisions of Article 2, sec. 28, of the Tennessee Constitution, and the language of T.C.A. secs. 67-501 and 67-502; that said properties were not being used exclusively for educational purposes, but that same were being used in competition with similar private businesses in Shelby County, which do pay property taxes. Defendant denied that T.C.A. sec. 67-502 is applicable to properties owned by complainant and not used solely and exclusively for educational purposes, and further denied that such properties are exempt from taxation.

Defendant stated further that his assessment was legal and proper, and that he has authority to assess properties owned by the State where such properties are not being used solely and exclusively for educational purposes. Finally, defendant answered that the language relied on by complainant in T.C.A. sec. 67-502 is repugnant to Article 2, Section 28 of the Tennessee Constitution, and therefore not available to complainant.

The Chancellor, writing a memorandum opinion, ruled that the properties in question were exempt from taxation by Shelby County; that assessments made by defendant and effective January 10, 1970, were illegal and void; that defendant should be enjoined from further assessments of the aforementioned properties for tax purposes; and finally, because the Chancery Court has assumed jurisdiction, defendant should be enjoined from prosecuting an appeal to the State Board of Equalization from the adverse ruling of the County Board of Equalization with reference to the assessments herein.

With reference to the constitutionality of T.C.A. sec. 67-502(2) raised by defendant, the court stated:

"The Court is of the opinion that it is not necessary for this Court in this proceeding to determine whether Sub-section (2) of Section 67-502 T.C.A. exceeds the limits of the authority to exempt from taxation granted by Article II, Section 28 of the Tennessee Constitution, because the Court is of the opinion that it was well established prior to the enactment in 1937 of the legislative provision in question that investment property owned by the State of Tennessee and used exclusively for public purposes was exempt from taxation; and that such property was held to be used

exclusively for public purposes when the income therefrom was exclusively applied for public purposes.

*Methodist Church v. Hinton*
92 Tenn. 188 [21 S.W. 321]

*Vanderbilt University v. Cheney*
116 Tenn 259 [94 S.W. 90]

*State ex rel. Beeler v. City of Nashville*
178 Tenn. 344, 349 [157 S.W.2d 839]''

Defendant, George LaManna, has filed three assignments of error in this Court. They are:

''1. The Trial Court erred in holding that subsection 1 Tennessee Code Annotated, Section 67-502 prohibited the Shelby County Assessor of Property from taxing the property of The University of Tennessee, both real and personal, where income therefrom is used solely and exclusively for public educational purposes.

2. The Trial Court erred in holding that Tennessee Code Annotated Section 67-502 and Chapter 110 of the Public Acts of 1937 were constitutional and not repugnant to Article II, Section 28 of the Constitution of the State of Tennessee.

3. The Trial Court erred in holding that the assessments made by the Shelby County Assessor against the properties of The University of Tennessee were made without authority and that such properties, although being leased for commercial purposes, were exempt from taxation and therefore the assessments were illegal and void.''

Defendant relies primarily on the language in Article 2, Section 28, of the Tennessee Constitution and argues that it controls the real issue raised in this cause. That section states in part:

> "All property real, personal or mixed shall be taxed, but the Legislature may except such as may be held by the State, by Counties, Cities or Towns, and used exclusively for public or corporation purposes, * * *''

Defendant states that the real issue herein is whether the properties in question are "used exclusive for public or corporate purposes," and argues that they are not; therefore, they cannot be exempt from taxation. Defendant argues further that the provision in T.C.A. sec. 67-502(2), quoted supra, relied on by complainant, is repugnant to Article 2, Section 28, of the Tennessee Constitution and unconstitutional because it does not include the constitutional limitations stated therein, to-wit: "used exclusively for public or corporation purposes."

We cannot accept defendant's argument. It must be recognized that there are two standards of exemptions provided for in T.C.A. sec. 67-502, captioned—Exemptions generally—. One exempts private educational religious, charitable, or scientific institutions from taxation, except under special circumstances; the other standard exempts "any educational institution owned, operated, or controlled" by the State. Defendant admits that the aforementioned properties sought to be assessed are owned by a State educational institution, namely, The University of Tennessee.

This Court has ruled on the same issue raised here in *State ex rel. Beeler v. City of Nashville* (1914), 178 Tenn. 344, 157 S.W.2d 839, cited by the Chancellor and relied

on by complainant. Chief Justice Green, writing for the Court in that opinion, stated that

"The exemption is determined not by the nature of the State's title to the property but by the use of the property."

Interpreting Acts of 1935, Chap. 47, secs. 1, 2—(now T.C.A. sec. 67-502), Justice Green alluded to the aforementioned double standard.

"For the purposes of this opinion it is enough to say that, under the Act of 1935, only such property of religious, charitable, scientific or educational institutions as is exclusively used for carrying out one or more of the purposes of that institution is exempt from taxation. In short, the property physically used in the work of the institution is exempt. The property in which the funds of the institution are invested is not exempt, although the income be used exclusively for carrying on the institution. Investment property of the State, however, used exclusively for public purposes is exempt and such property is used exclusively for public purposes when the income therefrom is exclusively so applied. *Vanderbilt University v. Cheney*, 116 Tenn. 259, 262, 94 S.W. 90; *Methodist Church v. Hinton*, 92 Tenn. 188, 21 S.W. 321, 19 L.R.A. 289. The rule first announced in the Hinton case was not changed by the Act of 1935 in so far as property of the State is concerned, the income of such property being exclusively applied to a public purpose.

\*   \*   \*   \*   \*   \*

It is of course conceded that education is a public purpose."

See also, *City of Nashville v. State Board of Equalization* (1962), 50 Tenn.App. 692, 363 S.W.2d 520.

Defendant acknowledges the existence of the *Beeler* case and its ruling, but states in his brief that it should be overruled, because it is contrary to the "modern concept of taxation"; that being that "all properties irrespective of ownership should bear their share of the tax burden when they are used or leased by commercial enterprises which are in competition with like businesses who are subject to taxation."

The Court has, on numerous occasions, held that where a prior decision has ruled on the construction and operation of a statute, the principle of stare decisis will apply unless the Legislature acts to change the statute. See *Miller v. Kennedy* (1932), 164 Tenn. 470, 51 S.W.2d 1000; *McKesson & Robbins, Inc. v. Government Employees Department Store, Inc.* (1963), 211 Tenn. 494, 365 S.W.2d 890.

We are of opinion that the properties in this cause owned by The University of Tennessee, though leased by it to commercial enterprises, come clearly within the ambit of T.C.A. sec. 67-502, and are exempt from taxation by Shelby County.

The decree of the court below is affirmed. The costs of this cause are assessed against the appellant. George C. LaManna, in his official capacity.

Dyer, Chief Justice, Chattin and McCanless, Justices, and Adams, Special Justice, concur.