**TOPS BAR–B–Q, INC.,**
**Plaintiff-Appellee,**

v.

**Richard STRINGER, Individually and d/b/a Richard's Nursery and Landscape, Defendant-Appellant.**

Court of Appeals of Tennessee,
Western Section.

Dec. 20, 1977.

Certiorari Denied by Supreme Court
April 10, 1978.

Wilburt J. Chiapella, Memphis, for defendant-appellant.

Marx J. Borod, Ronald S. Borod, Albert C. Burnham, Memphis, for plaintiff-appellee.

SUMMERS, Judge.

Appellee-plaintiff, Tops Bar-B-Q, Inc., sued appellant-defendant, Richard Stringer, individually and d/b/a Richard's Nursery and Landscape, to enjoin trespass and for damages caused by the trespass. The court found for the plaintiff, granted an injunction against further trespass and referred the matter to a special master for a determination of damages.

After taking testimony the master found damages for the plaintiff in the amount of $13,965.00. Defendant filed exceptions to the master's report. The court overruled all exceptions and approved the master's report *in toto*. Defendant appeals from the amount of damages awarded to the plaintiff.

Defendant sought, through a motion to this court, a diminution of the record or to have the exhibits introduced at the hearing before the master sent back for certification by the clerk and master. Plaintiff responded by asking that defendant's motion be denied and that the testimony and proof not included in a bill of exceptions be removed and excluded from the appellate record. Defendant then asked that plaintiff's motion to strike be denied. Plaintiff filed a supplemental brief in support of his motion to strike testimony from the appellate record. Following the above sequence of legal efforts the defendant presented the following motion to this court on June 20, 1977:

APPELLANT'S AMENDED AND SUP-
PLEMENTAL RESPONSE TO AP-
PELLEE'S MOTION TO STRIKE
TESTIMONY FROM APPELLATE
RECORD

Comes the appellant, Richard Stringer, and for amended and supplemental response joins in and consents to appellee's said motion to strike from the appellate record the testimony given before the Master and the Exhibits introduced thereat, and hereby consents to the entry of an order so providing.

CHIAPELLA & PARISH
By /s/ Wilburt J. Chiapella

To the above stated motion, the court entered the following order:

ORDER

On acknowledgement in open court by counsel for the appellant that it does not insist upon its motion for diminution of the record, the motion is overruled.

Enter: September 7, 1977
/s/ Matherne, P. J.
/s/ Nearn, J.
/s/ Inman, Spec. J.

On appeal the defendant raises four assignments of error. Assignment one recites that there is no material legal evidence to support the judgment. In the matter at bar the defendant has consented to strike from the appellate record the testimony given before the master and the exhibits introduced therewith. With nothing before us but the technical record containing the master's report which the chancellor has approved *in toto*, we must presume there was material legal evidence to support the

judgment. *Meadows v. Boylin*, 497 S.W.2d 580 (Tenn.App.1972); *Schmidt v. Schmidt*, 493 S.W.2d 720 (Tenn.1973); *Cope v. Hembree*, 487 S.W.2d 647 (Tenn.1972).

Therefore, the first assignment is hereby overruled.

Assignment two alleges the judgment is contrary to law. This assignment is too general and will not be considered by this court. *Pulaski Rubber Company v. Rolin*, 481 S.W.2d 369 (Tenn.1972); *City of Nashville v. State Board of Equalization etc. et al.*, 50 Tenn.App. 692, 363 S.W.2d 520 (1962); *General Motors Corporation v. Dodson*, 47 Tenn.App. 438, 338 S.W.2d 655 (1960); and *Lasater Lumber Company et al. v. Harding*, 28 Tenn.App. 296, 189 S.W.2d 583 (1945).

Therefore, assignment two is overruled.

Defendant filed two additional assignments of error. Assignment three states the report of the master and the concurring decree of the chancellor are based on an erroneous assumption of law, and assignment four states that the report of the master and the concurring decree of the court went beyond the scope of the pleadings and the prayer for relief.

Plaintiff contends that the concurrent finding by the master and the chancellor of the amount of damages is binding. In *Black v. Love and Amos Coal Company*, 30 Tenn.App. 377, 206 S.W.2d 432 (1947), we find the well-settled law of this state.

A concurrence of the Master and the Chancellor is conclusive on appeal (Code, Sec. 10620) except (1) where it is upon an issue not proper to be referred (*State ex rel. v. Bolt*, 130 Tenn. 212, 169 S.W. 761); (2) where it is based on an error of law (*Hord v. Holston River Railroad*, 122 Tenn. 399, 123 S.W. 637, 19 Ann.Cas. 331, 135 Am.St.Rep. 878); (3) where it is upon a question of law or mixed fact and law (*Dale v. Hartman*, 157 Tenn. 60, 6 S.W.2d 319); or (4) where it is not supported by any material evidence (Code, Sec. 10620).

There is also a well-settled doctrine in this state that a party on appeal will not be permitted to depart from the theory on which the case was tried in the lower court. Issues not raised or complained of in the trial court will not be considered on appeal. *McCandless v. Oak Contractors, Inc.*, 546 S.W.2d 592 (Tenn.App.1976); *Speight v. Gibbs*, 486 S.W.2d 922 (Tenn.App.1972); *Brookside Mills, Inc. v. Moulton*, 55 Tenn. App. 643, 404 S.W.2d 258 (1965); *Nashville Gas & Heating Co. v. Phillips*, 17 Tenn.App. 648, 69 S.W.2d 914 (1934); and *Edington v. City of Memphis*, 152 Tenn. 152, 274 S.W. 548 (1925).

The issues relied upon in the third and fourth assignments of error were not raised in the exceptions to the master's report. The defendant did not object to the award of lost profits based on gross as opposed to net profits or that the findings went beyond the scope of the pleadings. These theories were brought up for the first time on appeal. Therefore, assignments three and four must respectfully be overruled.

The judgment of the trial court is affirmed, and the defendant will be taxed with the costs on this appeal.

MATHERNE and NEARN, JJ., concur.