**John OAKLEY, Plaintiff/Appellant,**

v.

**Olivia Jane OAKLEY,
Defendant/Appellee.**

Court of Appeals of Tennessee,
Western Section at Jackson.

Sept. 12, 1984.

Application for Permission to
Appeal Denied by Supreme Court
Dec. 31, 1984.

T.J. Emison, Jr., of Emison & Emison, P.C., Alamo, and Ivy E. Scarborough, Jackson, for plaintiff/appellant.

Benjamin M. Huey II, of Flippin, Collins & Huey, Milan, for defendant/appellee.

TOMLIN, Judge.

Plaintiff appeals to this Court from the judgment of the Law and Equity Court of Gibson County granting defendant's motion for summary judgment. Plaintiff, decedent's father, sought to have defendant removed as administratrix of the estate of her deceased husband. He also sought to have himself appointed administrator of his son's estate and declared to be the deceased's sole heir at law. The court found the defendant to be the surviving spouse of the deceased and thus entitled to serve in her capacity as administratrix. The principal issue dispositive of this appeal is whether or not the trial court was correct in granting defendant's motion for summary judgment. In support of his position, plaintiff contends that pursuant to the provisions of Tennessee Code Annotated § 31–1–102, defendant was no longer his son's "surviving spouse," and secondly, that defendant was estopped to deny the validity and controlling effects of the Property Settlement Agreement entered into between her and the decedent prior to his death. We are of the opinion that the trial court was correct and affirm.

The facts are not in dispute. Defendant and plaintiff's son, the decedent Willard E. Oakley, Jr., were married in 1976. Shortly before his death, defendant sued the decedent for a divorce in the Law and Equity Court of Gibson County. Several days after filing the complaint and some six weeks prior to her husband's death, the parties entered into a written Property Settlement Agreement which sought to dispose of the real and personal property owned by the parties. The preamble in that agreement stated in part, "WHEREAS, the parties desire to agree between themselves, subject to the approval of the Law and Equity Court for Gibson County, Tennessee, concerning the divisions of their property, both real and personal...."

The last paragraph of the agreement read: "IT IS UNDERSTOOD AND AGREED BETWEEN THE PARTIES that the above agreement is subject to ratification by the Law and Equity Court of Gibson County, Tennessee."

The record before us consists basically of the pleadings and supporting affidavits filed by both parties. The Property Settlement Agreement is also part of the record. Shortly after her husband's death, defendant petitioned the court for and was granted Letters of Administration. Plaintiff's affidavit stated that a substantial portion of the Property Settlement Agreement between the parties had been carried out. On the other hand, defendant's affidavit was to the effect that she was the surviving spouse of the decedent at the time of his death and thus was qualified to serve. As previously noted, the trial judge treated the defendant's motion to dismiss as a motion for summary judgment in light of the affidavits that had been introduced in support and opposition thereto.

Plaintiff in part relies upon T.C.A. § 31–1–102, a portion of which reads as follows:

*Effect of divorce, annulment, and decree of separation.—*

. . . .

(b) For purposes of this title, a surviving spouse does not include:

. . . .

(3) A person who was a party to a valid property settlement agreement or a valid proceeding concluded by an order purporting to terminate all marital property rights.

Simply put, plaintiff contends that the parties entered into just such an agreement and as a result defendant could no longer be considered his son's "surviving spouse" and he, as the sole blood kin of his son should be declared the decedent's sole heir at law.

 The trial judge was obviously of the opinion in granting defendant's summary judgment motion that the above-quoted language from the Property Settlement Agreement prevented that agreement from placing the defendant in the exception of T.C.A. § 31–1–102(b)(3). We agree. In its ordinary common sense, the word "valid" means "of binding force, sustainable and effective in law." It cannot be said that the Property Settlement Agreement between the parties was "binding," since by the express language contained therein its validity was made contingent upon the approval of the court. Therefore, there could be no "valid" Property Settlement Agreement until such time as the Law and Equity Court of Gibson County approved it.

 We are also of the opinion that the principles laid down by this Court in the case of *Montesi v. Estate of Montesi*, 8 T.A.M. 43–5, application for permission to appeal granted by the Supreme Court February 27, 1984 (682 S.W.2d 906 (Tenn. 1984)), control as to the construction and application of T.C.A. § 31–102(b)(3).

 Insofar as the argument of estoppel is concerned, since that issue was never presented in any way to the trial court under the pleadings, and inasmuch as this theory was introduced for the first time on appeal, we will not consider it here. *Top's B-B-Q, Inc. v. Stringer*, 582 S.W.2d 756 (Tenn.Ct.App.1977) *cert. denied* (1978).

The judgment of the trial court is affirmed. Costs in this cause are taxed to the plaintiff, for which execution may issue, if necessary.

CRAWFORD and HIGHERS, JJ., concur.