# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### JANUARY 2000 Session

# WILLIE PERRY v. COLD CREEK CORRECTIONAL FACILITY DISCIPLINARY BOARD, ET AL.

**A Direct Appeal from the Chancery Court for Davidson County**
**No. 97-880-III; The Honorable Ellen Hobbs Lyle, Chancellor**

---

**No. M1999-01898-COA-R3-CV - Filed August 9, 2000**

---

This case arises from the decision of the Cold Creek Correctional Facility Disciplinary Board finding the Appellant guilty of attempting to intimidate an employee and being under the influence of alcohol. The Appellant filed a Petition for Common Law and Statutory Writ of Certiorari with the Chancery Court of Davidson County challenging the Disciplinary Board's decision. The trial court affirmed the decision of the Board and dismissed the Appellant's claim.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which FARMER, J., and LILLARD, J., joined.

Willie Perry, *pro se*, Henning, TN

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Rae Oliver, Assistant Attorney General, for appellee, State of Tennessee

## OPINION

Willie Perry appeals from the dismissal of his Petition for Common Law and Statutory Writ of Certiorari filed in the Chancery Court of Davidson County. For the reasons stated herein, we affirm the trial court's decision.

## Facts and Procedural History

The Appellant, Willie Perry, is an inmate in the lawful custody of the Tennessee Department of Correction ("TDOC"). At all times relevant to this appeal, Mr. Perry was incarcerated at the Cold Creek Correctional Facility in Henning, Tennessee.

On January 6, 1997, Bobby Mullins, a TDOC employee, filed a disciplinary report charging the Appellant with being under the influence of alcohol. Pursuant to TDOC Administrative Policies and Procedures, the official charge was "intoxicants-alcohol," a Class B infraction. The prison Disciplinary Board conducted a hearing on January 13, 1997. At the hearing, the Board called Bobby Mullins to testify. Mr. Mullins testified that the Appellant smelled of alcohol and appeared to be intoxicated. A sobriety test was not given. Mr. Mullins was cross-examined by the Appellant, and no other witnesses were called. Based on the written report and the oral testimony, the Board found the Appellant guilty of Class B intoxicants-alcohol and set the punishment at twenty (20) days punitive segregation, plus a four dollar ($4.00) court cost.

On January 13, 1997, Margaret Edwards, a member of the Disciplinary Board, filed a disciplinary report against the Appellant charging him with attempting to intimidate an employee. The Disciplinary Board conducted a hearing on January 17, 1997. Ms. Edwards testified that the Appellant, at the January 13 hearing, threatened a lawsuit against her if she did not make a decision in his favor. Ms. Edwards testified that she felt intimidated by the Appellant's actions at that hearing. The Appellant denied the charge and, in his defense, called Rhea Hargett, another Disciplinary Board member, who testified that the Appellant never addressed Ms. Edwards specifically. Based on the written report and the oral testimony, the Board found the Appellant guilty of Class C attempting to intimidate an employee and imposed punishment of ten (10) days punitive segregation, plus a three dollar ($3.00) court cost.

The Appellant sought relief in the Chancery Court of Davidson County under both a common law writ of certiorari, pursuant to T.C.A. § 27-8-101,[1] and a statutory writ of certiorari, pursuant to T.C.A. § 27-8-102.[2] The trial court dismissed the Appellant's claims finding that the Disciplinary

---

[1] T.C.A. § 27-8-101 provides:

The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

[2] T.C.A. § 27-8-102 provides:

Certiorari lies:

(1) On suggestion of diminution;

(2) Where no appeal is given;

(3) As a substitute for appeal;

(4) Instead of audita querela; or

(5) Instead of writ of error.

(continued...)

Board did not exceed its jurisdiction, nor did it act illegally, fraudulently, or arbitrarily. This appeal followed.

## Law and Analysis

This appeal basically presents three issues for our consideration. Those issues are: 1) whether the Appellant was entitled to relief pursuant to a common-law writ of certiorari, 2) whether the Appellant was entitled to relief pursuant to a statutory writ of certiorari, and 3) whether the Appellant stated a claim for retaliation. We shall consider each of these issues in turn.[3]

### I. Common-law writ of certiorari

The Appellant in this case sought review of the Disciplinary Board decision through both the common-law and statutory writ of certiorari. We conclude that the trial court correctly held that the Appellant was not entitled to relief pursuant to a common-law writ of certiorari.

It is well-settled that the scope of review under the common-law writ of certiorari is very narrow. Review under the writ is limited to whether "the inferior board or tribunal (1) has exceeded its jurisdiction, or (2) has acted illegally, arbitrarily, or fraudulently." McCallen v. City of Memphis, 786 S.W.2d 633, 638 (Tenn. 1990); see also Powell v. Parole Eligibility Review Bd., 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994). The intrinsic correctness of the decision is not reviewable under the writ. Arnold v. Tennessee Bd. of Paroles, 956 S.W.2d 478 (Tenn. 1997). As stated in Powell, "it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached." Powell, 879 S.W.2d at 873.

The Appellant questions whether the evidence relied upon by the Disciplinary Board supported a finding of guilt. Reversal or modification of the Board's action may be had only when the trial court determines that the Board acted in violation of constitutional and statutory provisions, exceeded its own statutory authority, followed an unlawful procedure, acted arbitrarily or capriciously, or reached a decision without any material evidence to support it. See Hoover Motor Express Co. v. Railroad & Public Utilities Comm'n, 261 S.W.2d 233 (1953). In this regard, the

---

[2](...continued)
This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

[3] To the extent any of the Appellant's claims are based on the allegation that he was found guilty of a different charge than the infraction for which he was originally cited, we note that this issue has not been raised previously. The trial court, in its ruling, did not address the inconsistency in charges. As such, we shall not consider the issue in this appeal. See Irwin v. Binkley, 577 S.W.2d 677 (Tenn. Ct. App. 1979); Tops Bar-B-Q, Inc. v. Stringer, 582 S.W.2d 756 (Tenn. Ct. App. 1977).

relevant question is "whether there is <u>any</u> material evidence to support the agency's findings." <u>Davison v. Carr</u>, 659 S.W.2d 361, 363 (Tenn. 1983)(emphasis added). In the present case, there is little, if any, reason to question the Disciplinary Board's decision. The Disciplinary Board considered both written and oral testimony. The Appellant was allowed to cross-examine the witness against him.[4] Clearly, there was evidence put forth which supported the finding of the Disciplinary Board.

It is not the role of the reviewing court under a common-law writ of certiorari to re-weigh the evidence. With respect to the evidence represented before the Board, review by this Court is no broader or more comprehensive than that of the trial court. See <u>Watts v. Civil Service Bd. for Columbia</u>, 606 S.W.2d 274 (Tenn. 1980). The record clearly indicates that there was evidence presented which would support the findings of the Board. As such, the trial court did not err in denying the Appellant's request for relief pursuant to a common-law writ of certiorari.

*II. Statutory writ of certiorari*

The Appellant also sought relief pursuant to a statutory writ of certiorari, T.C.A. § 27-8-102. This court has previously addressed the applicability of a statutory writ of certiorari in the context of a prison disciplinary proceeding. In the unreported case of <u>Buford v. Tennessee Dept. of Corrections</u>, 199 WL 1015672 (Tenn. Ct. App. 1999), Judge Crawford, writing for the court stated:

> [T]he Western Section of this Court departs from our holdings in <u>Williams</u> and <u>Cobb</u>, and declares, along with the other courts, that the functions of prison disciplinary boards are administrative and not judicial in nature. Therefore, the statutory writ of certiorari, T.C.A. § 27-8-102, is not available for review of proceedings taken by a prison disciplinary board.

The decision in <u>Buford</u> expressly overruled prior decisions of this court which had held that a statutory writ of certiorari may lie from a decision of a prison disciplinary board. Relying upon <u>Ray v. State</u>, 577 S.W.2d 681, 682 (Tenn. Crim. App. 1978) *cert. denied* (1979) and <u>State ex rel. Turner v. Gore</u>, 175 S.W.2d 317 (Tenn. 1943), we held that proceedings before prison disciplinary boards are administrative in nature and are not judicial proceedings, thus not subject to the relief afforded by a statutory writ of certiorari. As such, the Appellant's claim to relief pursuant to a statutory writ of certiorari is foreclosed by the applicable law.

---

[4] The Appellant claims that he was denied the right to call witnesses. In regard to the January 17, 1997 hearing, the record indicates that the Appellant called Rhea Hargett to testify in his defense. As for the January 13, 1997 hearing, the record does not support the Appellant's claim that he was denied the right to call witnesses in his favor. It appears that the Appellant knowingly waived this right. Therefore, this claim is without merit.

*III. Retaliation claim*

In his brief, the Appellant claims that the charge of "attempting to intimidate an employee" was filed in retaliation for his exercising First Amendment rights. However, the Appellant's "Petition for Common Law and Statutory Writ of Certiorari" made no mention of a retaliation claim, and the trial court never addressed the issue.[5] The record clearly indicates that this "issue" is being presented to this court for the first time, and we shall not consider it in this appeal. See Irwin v. Binkley, 577 S.W.2d 677 (Tenn. Ct. App. 1979); Tops Bar-B-Q, Inc. v. Stringer, 582 S.W.2d 756 (Tenn. Ct. App. 1977).

**Conclusion**

For the foregoing reasons, the decision of the trial court is affirmed. Costs of this appeal are taxed against the Appellant, Willie Perry, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE

---

[5] Presumably, the trial court did not address the retaliation "claim" because no such claim had been made.