SAVOY, Judge.
This matter is before us on an appeal by plaintiffs from a judgment of the district court sustaining exceptions of no cause and no right of action filed by the defendant municipality, Town of Ville Platte, Louisiana.
The plaintiffs are residents of and property owners in an area adjacent to the Town of Ville Platte, Louisiana, which is being considered for annexation under the procedure authorized in LSA-R.S. 33:171 et seq. Plaintiffs filed suit against the de-> fendant municipality to have the ordinance adopted by the Town extending the corporate limits of Ville Platte, Louisiana, void because it was unreasonable under LSA-R.S. 33:172; and, alternatively, that the ten-day waiting period between the publication and the adoption- of the ordinance was not observed as provided by LSA-R.S. 33:172.
The pertinent provisions of the statute for purposes of this decision are LSA-R.S. 33:172 and LSA-R.S. 33:174.
LSA-R.S. 33:172 declares:
“No ordinance enlarging the boundaries of a municipality shall be' valid unless prior to the adoption thereof a petition has been presented to the governing body of the municipality containing the written assent of twenty-five per cent in number of the resident property owners as well as twenty-five per cent in value of the property within the area proposed to be included in the corporate limits according to the certificate of the parish assessor. The valuation shall be certified to by the assessor according to the assessment of each of the owners signing the petition. Where there has been a change of ownership since the last assessment of the property, the assessor shall certify the valuation of the present owner in accordance with the last assessment appearing on the rolls against any previous owner. In any case where the property of the present owner has not specifically been assessed the assessor shall estimate the assessed value of the property for the current year and certify the same as the value of the property.
“Notice by publication shall be given once of the filing of the petition in some newspaper published or having general circulation in the municipality. No ordinance enlarging the boundaries of the municipality shall be adopted until ten days after the publication of the notice. Anyone desiring to be heard with reference to the proposed ordinance shall notify the clerk or secretary of the municipality in writing and the governing authorities before adopting any ordinance, shall grant such hearing.”
LSA-R.S. 33:174 provides:
“Any interested citizen of the municipality or of the territory proposed to be annexed thereto may, within the thirty day period before the ordinance becomes effective, file suit in the district court having jurisdiction over the municipality, to contest the proposed extension of the corporate limits and the question shall be whether the proposed extension is reasonable. If the extension of boundaries is adjudged reasonable the ordinance shall go into effect ten days after the *562 judgment is rendered and signéd unless a suspensive appeal therefrom has been taken within the time and manner provided by law. If the proposed extension is adjudged unreasonable the ordinance shall be vacated and the proposed extension shall be denied, and no ordinances proposing practically the same extension shall be introduced for one year thereafter. A similar right of appeal from the judgment of the district court annulling the ordinance shall be granted the municipality or any interested citizen as hereinabove provided.”
The trial judge sustained the position of counsel for defendant that since plaintiffs had not complied with the provisions of LSA-R.S. 33:172, they were forever barred from attacking the ordinance adopted by defendant on September 27, 1965, which ordinance had the effect of incorporating additional areas or territory to the Town of Ville Platte, Louisiana.
Counsel for plaintiffs contend that the court erred in dismissing the instant suit for the reason that it was timely filed, having been filed within thirty days after the effective date of the ordinance. The “effective date” is defined in LSA-R.S. 33 :- 173 as thirty days after newspaper publication, or, in the absence of a newspaper, thirty days after posting in three public and conspicuous places; that under LSA-R.S. 33:174, a suit to contest the reasonableness of a proposed extension of corporate limits may be filed by any interested person of the municipality or of the territory proposed to be annexed within the thirty-day period before the ordinance becomes effective. The ordinance was adopted September 27, 1965, and suit was filed October 12, 1965.
We are of the opinion that under the above provisions of law, the district court erred in dismissing plaintiffs’ suit.
In the case of Grice v. Mayor and Council of Morgan City, (La.App., 1 Cir., 1964), 164 So.2d 370, the Court of Appeal said:
“It is quite clear, as was decided by the trial judge, that the reasonableness vel non of an ordinance extending the corporate limits of a municipality may be judicially determined only in a judicial .proceeding instituted within 30 days prior to the effective date of the ordinance. Suits filed before or after this period will be premature or prescribed, as the case may be. LSA-R.S. 33:174. The 'effective date’ is defined in LSA-R.S. 33:173 as 30 days after newspaper publication or, in the absence of a newspaper, 30 days after posting in three public and conspicuous places.”
Having determined that the action was timely filed under LSA-R.S. 33:174, it is not necessary to pass on the alternative contention urged by counsel for plaintiffs that the ordinance was not valid because ten days had not elapsed between the publication and adoption thereof under the provisions of LSA-R.S. 33:172.
For the reasons assigned, the judgment of the district court is reversed and the case is remanded to the district court for proceedings consistent with the views expressed herein. The defendant municipality is to pay only those costs in the lower court imposed on it by LSA-R.S. 13:4521.
Reversed and remanded.