CULPEPPER, Judge.
The plaintiffs, resident property owners in an area which was annexed to the corporate limits of the defendant, Town of Ville Platte, seek nullification of the ordinance of annexation. From an adverse judgment they appeal.[1]
The first grounds of attack on the ordinance is that it was prematurely adopted *452 before the expiration of the 10-day delay set forth in the following portion of LSA-R.S. 33:172, the statute authorizing the annexation:
“Notice by publication shall be given once of the filing of the petition in some newspaper published or having general circulation in the municipality. No ordinance enlarging the boundaries of the municipality shall be adopted until ten days after the publication of the notice. Anyone desiring to be heard with reference to the proposed ordinance shall notify the clerk or secretary of the municipality in writing and the governing authorities before adopting any ordinance, shall grant such hearing.”
The facts are that notice was published on September 16, 1965 of the filing of the petition for annexation by 25% of the property owners. It is conceded by all parties that the 10-day delay began to run the next day, September 17. The tenth day fell on a Sunday, September 26, 1965. The ordinance was adopted the next day, Monday, September 27, 1965.
Plaintiffs argue that since the tenth day fell on a Sunday, it is not counted. Hence, the ordinance was adopted before the expiration of the 10 days and is illegal.
As a general rule, when the last day of a period of time, of more than 7 days, within which an act is to be done, falls on Sunday, that day is excluded from the computation, and the act. may be legally done on the following secular or business day.[2] There is some authority in other jurisdictions that this general rule does not apply where there is no act to be performed within the period of time. For instance, in these jurisdictions, the rule would not apply when Sunday is the last day of a pure and simple “waiting period” before an act can be done or a certain status terminated or brought into existence.[3] However, we have found no Louisiana case which counts a terminal Sunday on the basis of a distinction between “waiting periods” and “acting periods”.
Except where express statutory or contractual provisions require otherwise, the courts of Louisiana have uniformly held terminal Sundays are not counted.[4] This uniformity not only simplifies the law but takes into account the rationale that whether a period of time is an “acting period” or a “waiting period” is usually dependent merely on the point of view. For instance, the 15-day delay for filing an answer is an “acting period” for the defendant, but is a “waiting period” for the plaintiff before he can obtain a default judgment.
LSA-C.C.P. Article 5059, which provides for the computation of periods of time in judicial proceedings, follows this concept and makes no distinction between “acting periods” and “waiting periods”.[5]
With these general principles in mind, let us now turn to the language, quoted above, of the statute under con *453 struction here.[6] It provides that the ordinance shall not be adopted “until ten days after the publication of the notice.” and that “Anyone desiring to be heard with reference to the proposed ordinance shall notify the clerk * * Construing these provisions as a whole, we think it is obvious that the purpose of the 10-day delay is to give a period of time within which any interested citizen can give notice and obtain a hearing on the ordinance. It is an “acting period” for the citizen and a “waiting period” for the city. Under the general rules set forth above, if the tenth day falls on a Sunday, then the period for a citizen to request a hearing extends through the next business day, which in this case was Monday; and, the ordinance could not be legally adopted until the following day, which in this case was Tuesday.
Any other construction could result in a period of only 9 days, or less in instances of successive holidays, for a citizen to request a hearing. Such a construction would be not only most unusual but contrary to the general rules and the intent of the legislature in this particular statute.
The city’s argument is simply that the language of the statute “until ten days after the publication of the notice.” allows passage of the ordinance on the eleventh day, regardless of whether the tenth day fell on a Sunday or a holiday. As stated above, we think the statute must be construed as a whole. When this is done, its obvious purpose and intent is to allow 10 days for a citizen to request a hearing on the ordinance. If the tenth day of this “acting period” falls on a Sunday, it does not count.
In the alternative, the city argues in its brief that the plaintiffs have waived their rights, and are estopped to object to the ordinance, because they did not file within 10 days a written request for a hearing. We do not reach a consideration of this argument on its merits because it has not been pleaded. Waiver and estoppel are affirmative defenses which must be expressly set forth in the answer. LSA-C.C.P. Article 1005.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in.favor of the plaintiffs, Hasker Garland, et al. and against the defendant, The Town of Ville Platte, declaring null and void the disputed ordinance adopted by the Mayor and Board of Aldermen on September 27, 1965. In compliance with LSA-R.S. 13:4521, the city is assessed with only stenographer’s costs for taking testimony in the lower court.
Reversed and rendered.

. This case was previously before us on an appeal by plaintiffs from dismissal of their suit on an exception of no cause of action. We reversed and remanded for further proceedings. See La.App., 184 So.2d 560. ■

. 86 C.J.S. Yerbo Time § 14(2), pp. 880-883, 52 Am.Jur. 344-346, Verbo Time, See. 19; Mansur v. Abraham, 183 La. 634, 164 So. 421; Hebert v. Spano, 233 La. 818, 98 So.2d 199.

. 86 C.J.S. Verbo Time § 14(2), p. 882; 52 Am.Jur. 344-345, Verbo Time, See. 19.

. Hebert v. Spano, supra, and the authorities eited therein.

. LSA-C.C.P. Article 5059 — In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after wbicli the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
A half-holiday is considered as a legal holiday. A legal holiday is to be included in the computation of a period of time allowed or prescribed, except when:
(1) It is expressly excluded;
(2) It would otherwise be the last day of the period; or
(3) The period is less than seven days.

. LSA-R.S. 33:172.