370 So.2d 641 (1979)
Mary Wells EDWARDS, wife of and Ellis Edwards, and Ellis Edwards on behalf of his minor children, Alfred Edwards, Jacquelyn Edwards, Tyrone Edwards, Jerome Edwards and Frank Edwards
v.
Joel D. YORK.
No. 9983.
Court of Appeal of Louisiana, Fourth Circuit.
April 10, 1979.
*642 O'Keefe, O'Keefe & Berrigan, New Orleans, Peggy M. Vicknair and Cerio A. Dimarco, New Orleans, for plaintiffs-appellants.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, Robert Henry Sarpy, Jr., New Orleans, for defendant-appellee.
Before REDMANN, BOUTALL and SCHOTT, JJ.
SCHOTT, Judge.
This case involves insurance coverage on the plaintiff with respect to an automobile liability insurance policy issued by The Travelers Insurance Company.
Plaintiff's son was injured as a result of the negligence of an uninsured motorist on March 31, 1973. Plaintiff was initially insured by Travelers under a six month policy for the period of March 24 to September 24, 1972. A second policy was issued for the period from September 24, 1972, through March 24, 1973. On February 22, 1973, Travelers sent to plaintiff and he received a document entitled "Continuation Declarations" which provided for coverage between March 24 and September 24, 1973, and contained a premium notice to be sent back to Travelers with a premium payment. On March 31, 1973, coincidentally the date of the accident sued on, Travelers sent to plaintiff and he received a document entitled "Offer to Reinstate Automobile Insurance." This document had reference to the new policy for the period March 24 to September 24, 1973, and contained the following:
"IF YOU HAVE ALREADY MAILED YOUR PAYMENT PLEASE DISREGARD THIS NOTICE
"Since we have not received your payment for premium due on or before 03/24/73 your policy expired at 12:01 a. m. on the effective date of the successive policy period shown. If your payment is received within 20 days of the date of this notice, we will be pleased to reinstate your coverage without interruption. A notice of reinstatement will be sent to you when your payment is received. Please contact you Travelers Agent immediately if you have any questions."
The offer to reinstate contained a stub for the insured's convenience in returning it to Travelers with a payment of the premium. Plaintiff never paid the premium.
The case was tried to a jury and submitted on written interrogatories. These and the jury's action thereon were as follows:
"I. Was the policy of The Travelers Insurance Company renewed?
YES ____ NO X "
I. Was the policy of The Travelers Insurance Company terminated prior to the date of the accident, i. e., March 31, 1973?
YES X NO ____"
In appealing from this judgment plaintiff contends that the policy was renewed by virtue of the continuation declarations document sent to plaintiff, and once it was renewed it was incumbent upon Travelers to effect a lawful cancellation of the policy. Since no cancellation notice was ever sent the policy remained in effect on the date of the accident. In order to consider these contentions, we refer first to the following provisions of the policy which expired on March 24, 1973:
"1. Policy Period, Territory . . . Unless canceled or terminated, this policy may be continued in force for successive *643 policy periods, each of the number of months stated in Item 2 of the declarations, by payment of the required continuation premium for each such successive policy period to the company or its duly authorized representative on or before the effective date thereof . . ."
"35. Policy Continuation: If the company elects not to continue this policy in force for a successive policy period, it shall mail to the insured . . . written notice of termination not less than twenty days prior to the expiration date of the then current policy period: provided that, notwithstanding the failure of the company to comply with the foregoing provisions of this paragraph, this policy shall terminate
1. on such expiration date, if
* * * * * *
(b) the named insured fails to pay the premium as required by the company for the continuation of this policy."
Since the premium for the new policy was never paid by plaintiff the previous policy was not continued in force and terminated on March 24 under its provisions quoted above. The notice sent to plaintiff on February 22 was an offer to renew the policy but it was not accepted by plaintiff.
The remaining question is whether or not the contractual provisions were in violation of the provisions of R.S. 22:636.1. Plaintiff contends that the offer to renew the policy by Travelers constituted a renewal under Paragraph A(5) of the cited statute which reads as follows:
"`Renewal' or `to renew' means the issuance and delivery by an insurer of a policy replacing at the end of the policy period a policy previously issued and delivered by the same insurer, or the issuance and delivery of a certificate or notice extending the term of a policy beyond its policy period or term; provided, however, that any policy with a policy period or term of less than six months shall for the purpose of this chapter be considered as if written for a policy period or term of six months. In addition, any policy written for a term longer than one year or any policy with no fixed expiration date, shall for the purpose of this chapter, be considered as if written for successive policy periods or terms of one year, and such policy may be terminated at the expiration of any annual period upon giving twenty days notice of cancellation prior to such anniversary date, and such cancellation shall not be subject to any other provisions of this chapter."
In the first place, since this policy was for a term of six months the quoted paragraph has no application. Ray v. Associated Indent. Corp., 365 So.2d 5 (La.App. 4th Cir. 1978). Furthermore, Paragraph E of R.S. 22:636.1 provides:
"No insurer shall fail to renew a policy unless it shall mail or deliver to the named insured, at the address shown in the policy, at least twenty days advance notice of its intention not to renew. This subsection shall not apply: (1) if the insurer has manifested its willingness to renew, or (2) in case of nonpayment of premium; provided that, notwithstanding the failure of an insurer to comply with this subsection, the policy shall terminate on the effective date of any other insurance policy with respect to any automobile designated in both policies."
In the instant case Travelers did manifest its willingness to renew so that it was under no obligation to renew unless plaintiff accepted its offer by paying the premium.
From the affidavit of an assistant manager of Travelers it acknowledges that the effect of the offer to reinstate sent out by Travelers on March 31, and presumably received by plaintiff after the date of the accident, enabled plaintiff to become insured by payment of the premium at any time until April 23, 1973. Had plaintiff taken advantage of this offer he would have been insured on the date of the accident, but his failure to accept the offer left him in the position where the previous policy had expired on March 24 because of his failure to pay the premium for the new *644 policy and, consequently, there was no coverage on the day of the accident.
The judgment appealed from is affirmed.
AFFIRMED.
REDMANN, J., concurs with written reasons.
REDMANN, Judge, concurring.
When an insured pays a past due premium in accordance with an insurer's reinstatement requirements that apply that premium to the unpaid period, the insurer successfully refuses to honor claims arising between due date and payment; Sholes v. Continental Cas. Co., La.App. 4 Cir. 1967, 196 So.2d 680, writ refused 250 La. 899, 199 So.2d 916.[1]
When an insured then argues that, if that be the case, his late payment really "reinstates" him as of the time of the payment and therefore the term of his policy must begin on that date so that he gets a full term of insurance for a full term's premium, the insurer successfully rejects that argument; Mutual Benefit H. & A. Ass'n v. Kennedy, 5 Cir. 1943, 140 F.2d 24.[2]
The overall result is that insurers collect premiums for a period during which they accept no risks. This result poses a public policy question. One possible answer is that the insurer making an "offer to reinstate" with "coverage continued without interruption" should be held to have continued the previous policy's coverage without interruption as a sales device to sell future policies. That continued coverage should redound to the benefit of all third persons who are third-party beneficiaries of the policies (La.R.S. 22:655), such as the son of the named insured here. Those third-party beneficiaries, however, are not notified of the "offer" and it seems questionable that the insured should elect by his inaction to defeat the third-party beneficiaries' claims. Perhaps the third party should have the opportunity to accept the "offer"one who, like plaintiff child, has lost a leg could pay the $339 premium and collect the $15,000 limitsor perhaps the nature of insurance (against "contingencies", La.R.S. 22:5(1)) is such that the continued coverage is conceptually sound only as an extension of the previous policy term in consideration of the insured's reviewing the decision on whether or not to renew. If that be the case, plaintiff should recover.
One important factor in deciding whether that possible answer is a correct one is the ratio of premiums collected for "lapsed" periods to claims paid arising in those periods, compared to the ratio of timely-paid premiums to claims arising in pre-paid periods. No such information is contained in this record.
The present case troubles only because of those considerations. In other respects, Gitter v. Tennessee Farmers M. Ins. Co., 1969, 60 Tenn.App. 698, 450 S.W.2d 780, 782, cert. denied, Tenn.1970, seems correct in its abstract reasoning that an offer to reinstate with continuous coverage may create a grace period, but one during which coverage exists only if the premium is paid within the allotted time. On the record before us, I concur that plaintiff has not shown any entitlement to relief in the present state of the law.
NOTES
[1] After a May 21 accident plaintiff paid the past-due premium on June 12, in accord with policy provisions for automatic reinstatement, providing also the premium paid on June 12 "shall be applied to a period for which premium has not been previously paid. . . ."
[2] The policy provided automatic "reinstatement" on late premium payment but expressly denied coverage between due date and late payment. A premium due March 1 was not paid until March 6 and then a premium the insurer claimed was due at noon on September 1 was not paid by that time. The insured suffered accidental death at 2 p. m. September 1. The majority rejected the argument that if the March 6 premium did not provide coverage for the five days from March 1 and 6, then the period of coverage, the term of the reinstated policy, should end not on September 1 but on September 6.