Argued and submitted October 28, 1981, affirmed January 6,
reconsideration denied February 25,
petition for review denied March 30, 1982 (292 Or 825)

## NATIONWIDE MUTUAL INSURANCE CO.,
*Respondent,*

*v.*

## WILLIAMS et al,
*Appellants.*

## (No. A8010-06152, CA A20814)

638 P2d 487

Will Merkel, Newberg, argued the cause and filed the brief for appellant Bruce L. Williams.

Marjorie Speirs, Portland, waived argument for appellant Michael O'Brien, and joined in the brief of Will Merkel.

James M. Finn, Portland, argued the cause for respondent. With him on the brief was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

### RICHARDSON, P. J.

In this declaratory judgment proceeding, defendant Williams appeals from a summary judgment ruling that an automobile insurance policy issued by plaintiff Nationwide Mutual Insurance Co. (Nationwide) was validly cancelled prior to the date of an accident for which Williams sought coverage. We affirm.

Williams had been insured by Nationwide for several years under a series of six-month term policies. He paid the premium in two installments, as provided by the insurance policy. On September 6, 1979, Nationwide renewed the policy for a six-month term ending March 6, 1980. On January 7, 1980, Williams was involved in an accident in which he was at fault, and he duly reported this information to Nationwide. On March 6, 1980, Nationwide renewed the policy for another six-month term ending September 6, 1980. This policy was renewed at the same premium as the prior policy, and Williams paid the first installment in accordance with his usual practice.

Williams failed to pay the second installment when it came due May 18, 1980, and Nationwide sent him a notice that the policy would be cancelled on June 7, 1980, if payment were not made. On June 11, 1980, Williams mailed his second installment payment, which Nationwide received a few days later. On June 23, 1980, Nationwide sent him a declaration which provided, in part:

"Policy Period: From 06-14-80 to 12-14-80, but only if the required premium for this period has been paid, and for six months renewal periods if renewal premiums are paid as required. * * * "

At the bottom of the page appeared the following:

"Your policy has been reinstated effective 06-14-80. Your policy lapsed from 06-07-80 until this date. Please read carefully. If you have questions, contact your Nationwide representative."

The declaration was accompanied by a premium notice, which provided, in part:

"Payment insufficient for down payment on six month premium. Please pay premium due, shown above, on or before due date [July 8, 1980]. * * * "

These documents indicated that Nationwide was reinstating the policy for a six-month term from June 14 to December 14, 1980, at a premium higher than the rate applied to the lapsed March 6 to September 6, 1980, policy. Except for the increased premium and the new policy period, the reinstated policy was identical to the lapsed policy.

Williams failed to pay the balance of the increased premium installment by July 8, 1980, and Nationwide sent him notice that the policy would be cancelled on July 28, 1980, if payment was not made by then. He refused to pay. On July 29, 1980, Williams' automobile was involved in an accident.[1] Nationwide denied coverage.

Williams contends that Nationwide improperly increased the premium amount during the term of the policy period and improperly cancelled the policy. His contention is based on the theory that the reinstated policy was a continuation of the earlier, lapsed policy. He argues that the increased premium was therefore improper under the terms of the policy. Nationwide contends that the original policy lapsed for non-payment of premiums and that the reinstated policy was a new contract between the parties. Williams challenges, not the validity of the premium increase, but its timing. The increase unquestionably was related to Williams' at-fault accident on January 7, 1980.

The insurance policy provides, under "general policy conditions," in part:

"7. Cancellation During Policy Period
"* * * * *

"After any coverage of this policy has been in force 60 days, *our* right to cancel such coverage during the policy period is limited. *We* may cancel for either of the following reasons:

"a) *We* may cancel if premiums or premium installment payments are not paid when due, whether payable directly to *us* or through any premium finance plan.
"* * * * *

"* * * To cancel for nonpayment [of premium] *we* will mail or deliver notice to *you* 10 days in advance of termination of coverage.
"* * * * * ." (Emphasis original.)

---

[1] Defendant Williams' son who was driving the vehicle was killed in the accident. Defendant O'Brien was a passenger in the vehicle and was injured.

We construe ambiguous terms in the insurance contract against Nationwide, the drafter. The rule is especially applicable in a case such as this, where the dispute concerns cancellation of the policy. The court stated, in *Medford v. Pac. Nat'l Fire Ins. Co.*, 189 Or 617, 628-29, 219 P2d 142, 222 P2d 407, 16 ALR2d 1181 (1950):

> "* * * Provisions for cancelation contained in the policy will be enforced, but any reasonable doubt as to the meaning in an insurance policy must be resolved in favor of the insured. * * * Not only is reasonable doubt to be resolved in favor of the insured in determining the meaning of the policy; the courts have also established strict rules for the protection of the insured when the issue of cancelation is raised by the insurer. * * *" (Citations omitted.)

Williams cites sections from *Couch on Insurance 2d* to support his argument that the reinstated policy is a continuation of the earlier one and not a new policy. *See 17 Couch on Insurance 2d,* §§ 69.41, 69.49 (1967). These references are inappropriate, however, because they apply to reinstatement of a policy *as a matter of right.* The policy in this case clearly provides for renewable six-month terms and provides for termination if renewal is not exercised or, as here, if installment payments are not timely made. A section from *Couch* not noted by Williams states:

> "A reinstatement of an insurance policy may give rise to a new contract for a new term although this conclusion is often obscured by the fact that that policy for the subsequent term has the same provisions as those for the earlier or original term. For example, under a contract for reinstatement of an automobile liability policy, all provisions of the former contract are restored and continued in force under the new contract." *17 Couch on Insurance 2d,* § 69.36.

*See also, 17 Couch on Insurance 2d,* § 69.38.

Williams mailed his payment on June 11, but the policy had lapsed on June 8. Nationwide could have returned the check and requested Williams to pay the increased premium in full before reinstating the policy. Instead, Nationwide reinstated the policy immediately, conditioned on his later payment of the increased rate. By this procedure, Nationwide minimized the lapse period to give him maximum coverage. The key point, however, is that there

was a lapse, and the lapse was due to Williams' failure to pay the premium installment after two notices to do so.

There was no genuine issue as to any material fact, and the trial court did not err in granting Nationwide's motion for summary judgment. Williams failed to pay the premium installment necessary to keep the reinstated policy in force, following lapse of the earlier policy. Nationwide properly cancelled the reinstated policy pursuant to the cancellation provisions for nonpayment of premiums.

Nationwide contends that its cancellation also was valid under a policy clause giving it "unlimited right of cancellation" until the policy has been in effect sixty days. Because we find the cancellation valid under the provisions for nonpayment of premiums, we need not address the question raised by Williams as to whether the sixty days began to run anew on reinstatement. We express no opinion on the effect of reinstatement on the unlimited right of cancellation clause.

Affirmed.