LABORDE, Judge.
Plaintiff, Daniel Louviere, Jr., brings suit against Clifford James Broussard, to cancel a lease and to obtain possession of the object of the lease agreement. Without assigning reasons, the trial court held that defendant, Clifford James Broussard, had breached the lease and thereby ordered the leased movable be turned over to plaintiff. Defendant appeals. We affirm.
On August 11, 1981, Louviere leased to Broussard a Freightliner Tractor and Dors Trailer. The lease called for a lump sum consideration of $4,000.00 plus monthly payments of $1,773.39 up to and through March 10, 1984. Thereafter the monthly rental was reduced for the remaining term of the lease. Broussard also agreed to pay for the titling, registration and licensing of the vehicle.
The lease further provided that if a violation of the agreement continued for a period of five (5) days after written notice of such violation had been given to Broussard, Louviere had the option to either demand the entire rent for the whole term of the lease, or to immediately cancel the lease, or to proceed for the past due installments only reserving his rights to later proceed for the remaining installments.
On October 12, 1981, Louviere sent a certified letter to Broussard making demand for the $4,000.00 due at the signing of the lease, the monthly rental for October, and a license fee in the amount of $482.00. The record shows that this letter was received by Broussard on October 13, 1981.
On October 21,1981, Louviere, relying on LSA-R.S. 9:3261, et seq. filed a pleading entitled “Petition for Rule to Show Cause and Writ of Sequestration”. Louviere prayed that Broussard be required to show cause why the tractor and trailer should not be surrendered. Louviere further requested that a writ of sequestration be issued ordering the Sheriff of St. Martin Parish to sequester the leased property.
The trial court issued a writ of sequestration and set the hearing date for the rule to show cause for November 6, 1981.
Serious dispute arose at the hearing as to whether Louviere’s action was an ordinary or summary proceeding. It appears that the time requirements set forth in LSA-R.S. 9:3261, et seq. were not followed and we further question whether the statutes involved authorize the use of a writ of sequestration in a summary proceeding to surrender possession. Nevertheless, Brous-sard filed an answer and reconventional demand without having objected to the improper use of the summary proceeding. Accordingly, the question of the improper use of this summary proceeding is not before us. The issue we must decide is whether Broussard breached the lease.
Louviere first asserts that the lease was breached by Broussard’s failure to make the $4,000.00 payment at the signing of the lease. The lease agreement, executed in authentic form, recited as follows:
“Lessor acknowledges receipt of the Four Thousand and NO/100 (4,000) Dollar lump sum payment and first monthly rental payment by his presence herein.”
The authentic act is full proof of the agreement contained in it against the contracting parties and their heirs or assigns, unless forgery, fraud or error is alleged and proved. LSA-C.C. article 2236. There was no allegation of forgery, fraud or error in plaintiff’s original petition, and the trial judge refused to allow parol evidence by plaintiff to show that the $4,000 was never paid. On the record before us, we cannot find a breach of the lease on this ground.
Louviere also asserts that the October rental payment was not made. The record contains Broussard’s check which *1231 was received in payment of the October rental. Louviere testified that he received this payment during the first part of October. This evidence shows the October payment was made. Louviere’s assertion to the contrary is invalid.
Finally, Louviere asserts that Brous-sard breached the lease agreement by failing to pay for a $482.00 license fee that had been paid by Louviere.
The record shows that on October 13, 1981, Broussard received written notice that the payment was due. Under the terms of the lease, Broussard had five (5) days from this date to fulfill his obligation to pay for the fee. On October 19, 1981, six (6) days after written notice was received, Brous-sard tendered payment to Louviere. Louvi-ere refused acceptance.
Broussard asserts that the five (5) day period granted him by the lease did not start running until October 14. We agree. Using this date as the starting point, one finds that the fourth and fifth days fall on Saturday and Sunday, legal holidays. LSA-R.S. 1:55. Citing LSA-C.C.P. Article 5059, Broussard states that these days should not be included in the computation. Article 5059 of the Code of Civil Procedure reads as follows:
“In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
A half-holiday is considered as a legal holiday. A legal holiday is to be included in the computation of a period of time allowed or prescribed, except when:
(1) It is expressly excluded;
(2) It would otherwise be the last day of the period; or
(3) The period is less than seven days.”
If Broussard’s position is upheld, he would have had up to and including Tuesday, October 20, 1981, to make payment. His tender on October 19, would have been timely and no breach would have occurred.
The plain language of Article 5059 shows that it is applicable when computing time prescribed by law or by order of court. In the present case, the time period prescribed was fixed by the parties to the lease agreement. This time period or term was purely a matter of contract. We do not feel Article 5059 of the Code of Civil Procedure addresses itself to the present situation. Instead, LSA-C.C. Article 2057 provides the proper guidance. Article 2057 states that:
“Art. 2057. Where a term is given or limited for the performance of an obligation, the obligor has until sunset of the last day limited for its performance, to comply with his obligation, unless the object of the contract can not be done after certain hours of that day.”
This article makes no mention of the exclusion of legal holidays from the computation of the term prescribed for performance. The record contains no evidence of an impediment which would have prevented Broussard from performing his obligation to pay for the license fee.
The parties to the lease agreement could have provided for a situation in which the five (5) day term fell on a legal holiday. Absent a contractual stipulation to the contrary we conclude that five (5) days means five (5) straight days. Therefore, Brous-sard’s tender on October 19, six (6) days after notice, was not timely. Since the payment was not timely tendered, Brous-sard breached the lease agreement. Louvi-ere has properly exercised his option to cancel the lease and be put in possession of the leased property.
For the above and foregoing reasons the judgment of the trial court is affirmed. All costs are to be paid by defendant-appellant, Clifford James Broussard.
AFFIRMED.