431 So.2d 23 (1983)
Paul A. LAMBERT and Joyce R. Lambert
v.
The MUTUAL LIFE INSURANCE COMPANY OF NEW YORK.
No. 82 CA 0512.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
Rehearing Denied May 20, 1983.
Robert E. Kleinpeter, Baton Rouge, for plaintiffs-appellees, Paul A. Lambert and Joyce R. Lambert.
Herschel C. Adcock, Jr., Baton Rouge, for defendant-appellant, The Mutual Life Ins. Co. of New York.
Before PONDER, SAVOIE and CRAIN, JJ.
*24 SAVOIE, Judge.
Defendant, The Mutual Life Insurance Company of New York (MONY), appeals the trial court's judgment that it must return plaintiffs', Paul A. and Joyce R. Lambert's, initial insurance premium of $11,358.65.
On October 16, 1980, at approximately 5:00 P.M., Paul A. and Joyce R. Lambert received their respective insurance policies from Joseph Scott Jackson, agent for MONY. Each policy's cover sheet contained the following provision:
"Within ten days after its delivery to the policy holder, this Policy may be surrendered by delivering or mailing it to the Company's Home or local Agency Office or to the Agent through whom it was purchased. Upon such surrender, the Company will return any premium paid."
Plaintiffs contend that numerous attempts were made to call the agent, Mr. Jackson, on Sunday, October 26, 1980, so that their policies could be surrendered, but without avail. Additionally, Paul A. Lambert dated a memo, October 26, 1980, to MONY wherein he states that he was unable to reach Mr. Jackson, and is intending to surrender their policies. This memo was not received by MONY until sometime after October 27, 1980. Further, Mr. Lambert sent a mail-o-gram on October 27, 1980, to MONY, indicating their intent to surrender their policies.
On October 27, 1980, plaintiffs surrendered the aforementioned policies to MONY, sending them to the Company's Office by certified mail. MONY subsequently refused to refund the paid premiums to plaintiffs. This suit ensued.
MONY asserts that plaintiffs' surrendering of the policies on Monday, October 27, 1980, after the time provided by the policies' provisions, discharges any requirement that they refund plaintiffs' initial premium payments. Plaintiffs contend that as October 26, 1980, was a Sunday, the time allowed to surrender the policies was extended to the next working day, Monday, October 27, 1980.
In its written reasons for judgment, the trial court, citing Garland v. Town of Ville Platte, 198 So.2d 451 (La.App. 3rd Cir.1967), stated that under Louisiana law, it is clear that when the last day for performance of an obligation to do something, contractually or otherwise, is on a Sunday, performance may be done on the next day.
Defendant assigns as error, the trial court's: (1) holding that where persons are contractually obligated to do something and the last day of performance is on a Sunday, the time for performance is extended to Monday, (2) finding that Garland, supra, was applicable to this situation, and (3) holding that Lamberts were entitled to the return of the premiums previously paid. In essence, the sole issue before us is whether the period of performance of an obligation is extended to the next working day where one is contractually obligated to perform within a certain period and the terminal date of such period is a Sunday or a holiday.
It is well settled in Louisiana that when the last day of the term by law for taking any stated action in a judicial proceeding falls on a Sunday or other legal holiday, the action may be taken on the next day following, as effectively as if taken on the day before the last day of the term. Mansur v. Abraham, 183 La. 634, 164 So. 421 (1935); and Garland, supra. However, where expressed statutory or contractual provisions require otherwise, terminal Sundays are counted. (Emphasis added). Mansur, supra; Garland, supra; see also Louviere v. Broussard, 420 So.2d 1229 (La. App. 3rd Cir.1982). This position is also supported in common law. 74 Am.Jur.2d, Time, Section 17, page 601.
In Louisiana, an insurance policy is a contract between the insured and the insurer. As such, it has the effect of law between the parties. Hall v. National Life and Accident Insurance Company, 383 So.2d 74 (La.App. 3rd Cir.1980).
In the instant matter, the Lamberts purchased insurance policies from Mr. Jackson, MONY's agent. As such, the policies' provisions are the law between MONY and *25 the Lamberts. The policies called for their surrender within ten days from the date of delivery. The surrender was to be made to MONY's home office, its local agency office, or to the agent through whom the policies were purchased. Such surrender could be made either by delivery or mail. It is undisputed that the policies could have been sent through the mail on Sunday, October 26, 1980. However, Mr. Lambert testified that he wanted to send them by registered mail to insure their delivery to MONY. This he was unable to do on Sunday. However, the terms of the insurance contract did not call for the policies to be returned by registered or certified mail. Having failed to comply with the terms of their contract, the Lamberts may not now be heard to rely on statutory provisions to enforce what their contract did not give them.
MONY contends that L.S.A.-C.C. art. 2057 is controlling in this instance. We agree. It provides:
"Where a term is given or limited for the performance of an obligation, the obligor has until sunset of the last day limited for its performance, to comply with his obligation, unless the object of the contract can not be done after certain hours of that day."
The Third Circuit, recently faced with a similar situation in a contract of lease, found the aforementioned article to be applicable where the contract of lease did not specifically exclude Sundays or holidays from the running of a period.[1] They found that where the contract of lease expired on a Sunday and the rent went unpaid until Monday, the lease had been terminated as of its termination date (i.e., Sunday).
We agree with the logic of our learned brethren and find such to be the case in the instant matter. As such, for the above and foregoing reasons, the judgment of the trial court is reversed and judgment is rendered in favor of MONY, defendant-appellant. Plaintiffs-appellees, Paul A. and Joyce R. Lambert, are to pay all costs.
REVERSED AND RENDERED.
NOTES
[1] Louviere v. Broussard, 420 So.2d 1229 (La. App. 3rd Cir.1982).