Roger **GIBSON**, Plaintiff-Appellee,

v.

**TENNESSEE FARMERS MUTUAL INSURANCE COMPANY,** Defendant-Appellant.

Court of Appeals of Tennessee, Eastern Section.

Aug. 14, 1986.

Permission to Appeal Denied by Supreme Court Nov. 3, 1986.

James D. Estep, III, Estep & Estep, Tazewell, for defendant-appellant.

Johnny V. Dunaway, Dunaway, Harrell & Van Hook, LaFollette, for plaintiff-appellee.

## OPINION

FRANKS, Judge.

In this action to determine whether an insurance policy afforded coverage for an accident involving plaintiff on May 5, 1983, the issue of cancellation pleaded, tried and decided by the chancellor is a plainly erroneous issue.

Plaintiff purchased from defendant a policy of insurance providing coverages for the policy period of 10/20/82 to 4/20/83. The policy provides under Declarations:

The policy period shall be as shown under "Policy Period" and for such succeeding periods of six months each thereafter as the required renewal premium is paid by the named insured on or before the expiration of the current policy period. . . .

Defendant's agent in Claiborne County testified to the billing procedures followed by defendant on the type of policy issued to plaintiff. He testified that 15 to 17 days before the due date a notice is mailed to the insured to pay the premium. If the premium is not paid by the termination date of the policy, five days after the due date of the policy the defendant sends another statement advising insured that the policy expired on the due date for failure to pay the renewal premiums, and offers to reinstate the policy with continuous coverage. In plaintiff's case, the premium would have had to be received by May 4, 1983. The agent's file contained copies of notices of the type described, addressed to the plaintiff, which the plaintiff denied receiving. A notice to the loss payee was also received by the loss payee and the agent.

On May 5, plaintiff was involved in a motor vehicle accident in Virginia while operating the vehicle described in the policy. Claims were promptly filed with the defendant. The adjuster adjusted the loss and issued defendant's draft payable to plaintiff and the Citizens Bank, the loss payee, on May 17, 1983. The defendant issued a stop payment on both drafts and payment was stopped on the draft in the amount of $2,176.04 but the other draft had cleared the banks. The draft upon which payment was stopped was for medical payments and subsequently the defendant issued Citizens Bank another draft in that amount since it had honored the draft and paid the plaintiff the proceeds.

Subsequently, defendant sued plaintiff in general sessions court to recover the payments made to or on behalf of plaintiff.

The instant action was then filed and the chancellor ordered the sessions court action consolidated as a counter-claim.

From the outset and before this court plaintiff contends that T.C.A., § 56–7–1303, which requires an insurance company to mail or deliver a notice of cancellation to the named insured "stating when not less than twenty (20) days thereafter such cancellation shall be effective", is applicable. At the trial, before the chancellor heard evidence, defendant's attorney conceded the "sole issue" was "whether or not the policy was cancelled."[1]

The chancellor, in his memorandum opinion, observed at the outset the case had been tried "as a cancellation case" and explained his theory for finding coverage was in effect:

> So I think that based upon the theory the case has been presented to me on that I have to find that the policy was not properly cancelled from the fact there's no evidence in the record that it was cancelled.

■ There is no evidence of cancellation in the record and the case was tried on the issue of cancellation; however, all the evidence establishes there was no policy in force at the time of the accident. The policy was exhibited to the complaint and by its own terms terminated on April 20 when no premium was paid by plaintiff for a renewal policy. While an appellate court will not entertain arguments based on a theory not litigated in the trial court, *Stamper v. Venable*, 117 Tenn. 557, 97 S.W. 812 (1906); *Tops Bar–B–Q, Inc. v. Stringer*, 582 S.W.2d 756 (Tenn.App.1977), the proper issue was clearly raised in the motion for a new trial and should have been considered by the trial judge.

■ The general rule in all jurisdictions appears to be that statutes prescribing methods of cancelling insurance policies are not applicable where the insured simply fails to pay the renewal premium by the due date on the basis the policy has lapsed and expired by its own terms. *State Farm Mutual Ins. Co. v. White*, 563 F.2d 971 (9th Cir.1977); *Nationwide Mutual Ins. Co. v. Williams*, 55 Or.App. 442, 638 P.2d 487 (1982); *American Family Mutual Ins. Co. v. Ramsey*, 425 N.E.2d 243 (Ind.App.1981); *Edwards v. York*, 370 So.2d 641 (La.App. 1979); *Williams v. Security Mutual Cas. Co.*, 377 So.2d 733 (Fla.App.1979).

■ The cancellation statutes § 56–7–1301, *et seq.*, have no application to the instant case. The evidence establishes no breach of any contractual duties owed by defendant to plaintiff. Accordingly, the judgment of the trial court is reversed and the cause remanded to enter judgment for the monies mistakenly paid to and on behalf of plaintiff.

In our discretion, we tax the cost incurred on appeal to defendant.

SANDERS, J., and T. MACK BLACKBURN, Special Judge, concur.

---

1. In his final argument, counsel somewhat obliquely stated the cancellation was not the proper issue but, in the motion for new trial, the following ground for a new trial was asserted: That this matter was tried before this Honorable Court as requiring notice of cancelation and that the case should have been tried with the issue of whether the policy expired with no notice of cancelation required.