GULOTTA, Judge.
In this insurance contract dispute, the primary issue is whether plaintiff timely tendered her premium payment to defendant insurer within the grace period agreed to by defendant. The trial judge concluded that the payment was timely. We affirm.
Joan Morrison is the named insured on an automobile policy issued by defendant, State Farm Mutual Insurance Company (State Farm), which expired on September 13, 1985, because of non-payment of the renewal premium. Consequently, State Farm issued to plaintiff an “expiration notice” which stated that:
“Your POLICY expired at 12:01 A.M. Standard Time on the Expiration Date shown. Payment within 22 days after Expiration Date will provide coverage until March 13, 86.
If paid after 22 days from the Expiration Date you will be informed if we accept your payment and if so, the exact date and time coverage is again effective. There is no coverage for accidents occur-ing between the date and time of expiration and the date and time your coverage is again effective.”
October 5, 1985, a Saturday, was the twenty-second calendar date from the expiration date of September 13, 1985, and the office of the State Farm agent carrying the policy was closed. On the night of October 4, 1985, plaintiffs vehicle was stolen. On October 7, the 24th calendar day after the expiration date, plaintiff tendered payment of $134.92 (the total renewal payment was $267.84) to State Farm to renew her policy without interruption and made a claim for theft.
The trial judge in holding defendant insurer company liable stated in well considered and well articulated “Reasons For Judgment” that:
“State Farm relies heavily on Edwards v. York, 370 So.2d 641 (La.App. 4th Cir. 1979) for the proposition that a ‘continuation declaration’ sent to an insured is merely an offer and the insured has no obligation to renew if the offer is not accepted through payment of a premium.
“However, an offer that specifies a period of time for acceptance is irrevocable during that time, La.C.C. Art. 1928, and the legal issue presented in this case, as distinguished from Edwards, is whether Morrison’s tender of payment was timely made.
“When a time period is fixed by the parties as a matter of contract, rather than by law or court order, legal holidays are usually included in the computation, even if they occur on the last day of the period. Louviere v. Broussard, 420 So.2d 1229 (La.App. 3rd Cir.1982); Lambert v. Mutual Life Insurance Company of New York, 431 So.2d 23 (La.App. 1st Cir.1983).
“However, the Civil Code provides an exception where the intent of the parties is unclear and the last day is not useful for business, according to common use-age.
“La.C.C. Art. 1784 states:
‘When the term for performance of an obligation is not marked by a specific date but is rather a period of time, the term begins to run on the day after the occurrence of the event that marks the beginning of the term, and it includes the last day of the period.’
“Comment (b) to Art. 1784 states that the obligor may perform until that moment of the last day which, according to useage and the next Article, is useful for business.
“La.C.C. Art. 1785 states:”
‘Performance on term must be in accordance with the intent of the parties, or with established usage when the intent cannot be ascertained.’
“Morrison could not make payment on the twenty-second day because it was a Saturday and the State Farm office was closed. Obviously, business could not be transacted until the following Monday morning. This distinguishes the present case from Louviere, supra, and Lambert, supra, where no impediment existed, which would have prevented performance on the last calendar day of the term.”
*656 “Morrison timely made payment of her premium, and the theft loss was covered by the insurance policy.”
We agree with the trial judge and adopt his reasons. Moreover, the expiration notice is ambiguous since it does not clearly express whether the twenty-two day grace period includes legal holidays or days in which the defendant is not open for business and receipt of premiums. As a result, the policy is to be read broadly in favor of coverage and the ambiguity is to be construed against the insurer. Lombard v. Manchester Life Insurance Company, 406 So.2d 742 (La. 4th Cir.1981) writ denied 410 So.2d 764 (La.1982); Insurance Company of North America v. Solari Parking, 370 So.2d 508 (La.1979), rehearing denied May 21, 1979.
Having so concluded, we now address defendant’s 'other contention pertaining to plaintiff's $134.92 insurance premium payment on October 7, 1985. According to defendant, because the expiration notice indicated that $267.84 be paid to renew the policy, plaintiff’s tendering of $134.92 constitutes a counteroffer requiring defendant’s acceptance.
Conversely, plaintiff maintains that because the issue of the insufficient renewal payment was not raised in the trial court, defendant cannot raise the issue on appeal. Plaintiff further argues that if this issue had been raised, she would have presented evidence showing that it had been defendant’s policy to accept from her a premium payment of one-half of the total premium.
We find merit to plaintiff’s contention. Issues not raised in the pleadings and not considered by the trial judge are usually not considered on appeal. Succession of Villere, 411 So.2d 484 (La.App. 4th Cir. 1982); Richardson v. Stan Weber and Associates, Inc., 400 So.2d 1196 (La.App. 1st Cir.1981).
Further, in the instant case, there is nothing in the record stating that the $134.92 renewal payment was insufficient to effect coverage. Had that issue been raised, plaintiff would have had the opportunity to present evidence regarding defendant’s policy in accepting part payment on the policy.
Having so concluded, we affirm the judgment of the trial court.
AFFIRMED.