YELVERTON, Judge.
There are two issues before us in this appeal, and cross-appeal, of a judgment for property damages resulting from a collision between a left-turning vehicle and a passing vehicle. The first issue concerns *731 the liability of the drivers. The second is an insurance coverage question.
LIABILITY
The accident happened when Gregory A. Cole was trying to make a left-hand turn onto a private drive off Highway 14 near Lake Charles. Cecil W. Fontenot was passing Cole. The trial judge found both drivers at fault, apportioning negligence of 60% to Cole and 40% to Fontenot. Judgment was accordingly rendered awarding Fonte-not’s property damages of $2,344.71, and Cole’s of $1,985.70.
Fault, and apportionment of fault, are purely factual questions. A court of appeal may not set aside a finding of fact unless there is manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989). We have examined this record, and there is no clear error in the trial court’s finding that both parties were at fault. Nor is there clear error in its apportionment of that fault.
COVERAGE
The trial court found that Fontenot was covered by a policy issued by State Farm Mutual Automobile Insurance Company, and rendered a judgment against State Farm in favor of Cole under the liability coverage, and a judgment in favor of Fon-tenot under the collision coverage. These judgments are reversed, because we find that there was no coverage with State Farm in force when the accident happened.
Fontenot had had insurance with State Farm for several years. Sometimes he paid the renewal premium on time, and the policy was renewed without interruption. Other times he did not pay the renewal premium on time, and he went for a period of time without coverage until the policy was reinstated. His most recent policy, before this accident, had a policy period from May 7, 1986, to November 7, 1986. According to the policy, to renew coverage for another six months Fontenot had to tender a renewal premium on or before the expiration date. This was not done. The accident in this case happened on December 10, 1986. Fontenot tendered payment on December 12, 1986.
At the trial of this case the evidence showed that State Farm sent Fontenot a notice before the expiration of the policy, informing him of the due date, November 7, 1986, and inviting him to renew the policy for another six months by paying the premium on or before that due date. State Farm sent another notice after the due date. The second notice told Fontenot that he could still renew, without interruption of coverage, if he paid the premium within 22 days following the due date. This 22 days was State Farm’s “grace period.” Fonte-not did not pay the premium by the due date or within 22 days after the due date. When he eventually came in and paid the premium on December 12, 1986 (two days after the accident), State Farm reinstated the policy, but with a new effective date of December 12, 1986.
The trial judge found that the policy with the termination date of November 7, 1986, never actually terminated, and that it was still in full force and effect on December 10 when the accident happened. The trial judge reached this result for three independent reasons: (1) eliminating weekends and holidays, the 22 day grace period actually lasted 35 days, so that when Fontenot paid the premium on December 12, the payment was within the grace period; (2) State Farm was equitably estopped from asserting that the policy had lapsed, because it had in the past allowed renewals without interruption of coverage after the policy expired; and (3) State Farm failed to prove that it had sent Fontenot a notice of cancellation. We disagree with all three of these conclusions, for the following reasons. Grace Period
The trial court relied on Morrison v. State Farm Ins. Co., 503 So.2d 654 (La.App. 4th Cir.1987), in deciding that the 22 day grace period was extended by all intervening legal holidays, weekends, and other days that the State Farm office was closed for business. This was error. The invitation, or offer to renew, allowed 22 days for acceptance, not 35. The trial court’s reliance on Morrison was misplaced. That case held that, where the 22 day grace period ended on Saturday, and State *732 Farm’s office was closed that day and on Sunday, the insured had until Monday to make a timely renewal payment. Without necessarily agreeing with Morrison, we note that its holding, even if correct, cannot benefit Fontenot in this case. It is true that the 22 day grace period for Fontenot ended on November 29, 1986, a Saturday. However, he did not tender the renewal premium on the next day that State Farm was open for business, Monday, December 1, 1986. He did not tender payment until 11 days later, December 12, 1986. He failed to timely accept the renewal offer, and his policy lapsed.

Equitable Estoppel

Fontenot cannot benefit from this doctrine, because the factual elements necessary for it to be invoked do not exist in his case. There is no evidence that in the business relationship between Fontenot and State Farm over the years, he was allowed an unlimited time to renew the policy without interruption of coverage. The record shows that sometimes he paid within the grace period, and the policy was renewed. Other times he paid beyond the grace period, and the policy was reinstated. When the policy was reinstated, there was an interruption of coverage. See Bryant v. Viking Insurance Company of Wisconsin, 579 So.2d 1241 (La.App. 3rd Cir.1991), for a discussion of the difference between a renewal and a reinstatement.
There was no showing that State Farm had established any custom or practice of extending coverage despite Fontenot’s failure to pay premiums. In Carter v. Benevolent Life Insurance Co., Inc., 300 So.2d 623 (La.App. 3rd Cir.), writ denied, 304 So.2d 666 (La.1974), this court acknowledged the jurisprudence applying estoppel when the evidence showed there was a habit or custom of accepting overdue premiums, and the insured reasonably believed that by reason of that custom the insurer would maintain the policy in effect without prompt payment of premiums. There was no such showing in the present case. During Fontenot’s 12 years of doing business with State Farm, he had a history of late payments. Always, his policy was either renewed or reinstated depending on whether he paid before the end of the grace period, or afterwards. All of State Farm’s actions were in conformity with its contract and standard operating policy. Fontenot was not misled. To the contrary, if he had remembered what had happened in the past, he would have known that nonpayment by November 29 would cause a lapse of his coverage.

Cancellation Notice

The trial judge decided that State Farm had a duty to give Fontenot a notice of cancellation, and that this had not been done. The trial court relied on Leger v. Lisonbee, 207 So.2d 563 (La.App. 3rd Cir.1968). The trial judge overlooked the fact that after the Leger case was decided, the law changed. La.R.S. 22:636.1, enacted in 1968, states that the provisions for the giving of notice of cancellation by the insurer do not apply to non-renewal situations. Vidrine v. Southern Farm Bureau Casualty Ins. Co., 247 So.2d 660 (La.App. 3rd Cir.1971); Habetz v. Louisiana Farm Bureau Mutual Insurance Company, 458 So.2d 1002 (La.App. 3rd Cir.1984).
In the present case State Farm had manifested its willingness to renew the policy. The policy expired on November 7, 1986, because of nonpayment of the renewal premium. No notice of cancellation was required. Soileau v. Louisiana Farm Bur. Cas. Ins. Co., 476 So.2d 1098 (La.App. 3rd Cir.1985).
For the foregoing reasons, the judgments against State Farm Mutual Automobile Insurance Company are reversed and set aside and this defendant is dismissed from the case. In all other respects, the judgment of the trial court is affirmed, except that all costs, both at the trial court and in this court, will be paid by Cecil W. Fontenot and Gregory A. Cole in the proportions required by the percentage of fault assessed against them.
AFFIRMED IN PART; REVERSED IN PART.