On Rehearing
(Cdtirt composed of Judge TERRI F. LOVE, Judge MAX N. TOBIAS, JR., Judge PAUL A. BONIN).
hWe grant the application for rehearing for clarification purposes, only on the issues of liability and apportionment of fault.
First, regarding-cause-in-fact, our original opinion stated-that “we do not find that the trial court committed manifest error in its finding that ‘Mr. Washington’s injuries and subsequent death were caused by actions and/or inactions by the-defendants.’ ” Our position-remains unchanged.
Second, regarding liability and -apportionment of-fault, the Defendants contend that we “failed to consider the liability of, and allocate fault to, non-parties .as required by law.” In regards to -the alleged liability of-non-party defendants, the Defendants did not present this theory to the trial court. While the burden remains with the' plaintiff to prove a defendant’s negligence, the burden to prove the negligence of an unnamed, non-party defendant rests with the named defendants attempting to shift guilt. Haney v. Francewar, 588 So.2d 1172, 1178 (La.App. 1st Cir.1991). Moreover, “[t]his reasoning applies with even greater force when the- plaintiff has not sued other persons, and/or has not made factual allegations of negligence of others.”' Id. The Defendants failed to present evidence of other alleged defendants’ liability. Further, because this issue was not before the trial 12court, it will not be addressed on appeal. Morrison v. State Farm Ins. Co., 503 So.2d 654, 656 (La.App. 4th Cir.1987).
*532 Additionally, all assignments of error and issues for review must be briefed. “The court may consider as abandoned any assignment of error or issue for review which has not been briefed.” Uniform Rules, Courts of Appeal, Rule 2-12.4. Even if the Defendants brought the theory of the guilt of nonparties before the trial court, the theory was not briefed. The Defendants included only a general sentence in the original appeal brief referencing the negligence of nonparties. Therefore, the matter was abandoned.
Third, the Defendants contend that “[n]either the District Court nor this Court allocated fault among” Mr. Washington and the remaining Defendants. In our original opinion, we held that “[b]ased on these facts and circumstances, we do not find that the trial court committed manifest error by allocating one hundred percent fault to the Defendants.” We previously examined the record and held that the trial court was not manifestly erroneous for failing to assign Mr. Washington a percentage of fault. Appellants also failed to brief this issue after mentioning it in an assignment of error. Appellants merely stated that “the Court committed reversible manifest error when it apparently apportioned all fault to the named Defendants as a result of testimony and evidence regarding other, non-defendant deputies and/or medical staff, as the law clearly states that the percentage of fault should be assigned to all who contributed, whether the person at fault, is a party or non-party, regardless of whether that person can even be identified.” Our opinion remains unchanged as to Mr. Washington’s lack of fault.
In regards to allocating the fault amongst the Defendants, we found that the trial court did not err in holding the Defendants 100% liable. The trial court held | ¡¡that the Defendants were liable in their official capacity, which means that the OPSO was 100% liable. The OPSO is one entity. Accordingly, utilizing our “discretion to determine in what contexts the judicially crafted doctrine of contributory negligence should be invoked and, in turn, mandating that in such contexts the court apply, in its place, comparative fault,” we find that under the unique circumstances of the present case that there is no need to allocate fault betwixt the Defendants because they are one entity. Veazey v. Elmwood Plantation Associates, Ltd., 93-2818, p. 7 (La.11/30/94), 650 So.2d 712, 716. See also Battalora v. Ficklin, unpub., 09-0662 (La.App. 1 Cir. 12/23/09), 2009 WL 4981906.