YELVERTON, Judge.
Ronald Habetz appeals a summary judgment which held, as a matter of law, that on October 2, 1978, a date when appellant was involved in an automobile accident, there was no automobile liability insurance policy in existence issued to him by Louisiana Farm Bureau Mutual Insurance Company, the appellee. We affirm.
The stipulated facts show that on March 7, 1978, Habetz purchased from this insurance company a policy of automobile liability insurance for a six-month period until September 7, 1978. Before September 7, 1978, the insurer notified Habetz that the premium would be due on that date. Ha-betz did not pay the premium.
On October 2, 1978, he was involved in an accident, and on October 6,1978, he paid his premium and the policy was reissued for another six-month period with the effective date of October 6, 1978.
Habetz was at fault in the October 2 accident, and paid damages. He sued Louisiana Farm Bureau Mutual Insurance Company for recovery of his loss. The defendant denied coverage. Both parties filed motions for summary judgment. The trial court denied the plaintiffs motion but granted the defendant’s, and dismissed the suit, for the reason that there was no insurance policy in existence at the time of the loss. This is the judgment that plaintiff appeals.
The only issue is whether, there being no genuine issue of material fact in this case, the insurer was entitled to summary judgment as a matter of law. LSA-C.C.P. art. 966. A review of the record reveals that the summary judgment was proper.
Plaintiff argues that the defendant could not refuse to renew the policy, and that it was, therefore, effective on October 2, 1978, the date of his accident. We disagree. Both the contract between the parties and La.R.S. 22:636.1, dealing with cancellations of policies, reveal that the plaintiffs policy was not reissued until October 6, 1978, and that therefore, it was not in *1003 effect on October 2, 1978, the date of the accident.
The contract between the parties relating to renewal reads, in part, as follows:
“C. Renewal
If this policy is written for a policy period of less than one year, the Company agrees that it will not refuse to renew except as of the expiration of a policy period which coincides with the end of an ‘annual period’ commencing with its original effective date.
If the Company elects not to renew this policy, it shall mail to the insured named in item 3 of the declarations, at the address shown in this policy, written notice of such nonrenewal not less than twenty days prior to the expiration date; provided that, notwithstanding the failure of the Company to comply with the foregoing provisions of this paragraph, this policy shall terminate.
1. on such expiration date, if
(a) the named insured has failed to discharge when due any of his obligations in connection with the payment of premium for this policy or any installment thereof, whether payable directly to the Company or its agent or indirectly under any premium finance plan or extension of credit; or
The law applicable to the issue is Paragraph E of La.R.S. 22:636.1 which provides:
“E. No insurer shall fail to renew a policy unless it shall mail or deliver to the named insured, at the address shown in the policy, at least twenty days advance notice of its intention not to renew. This subsection shall not apply: (1) if the insurer has manifested its willingness to renew; or (2) in case of nonpayment of premium; provided that, notwithstanding the failure of an insurer to comply with this subsection, the policy shall terminate on the effective date of any other insurance policy with respect to any automobile designated in both policies.
“Renewal of a policy shall not constitute a waiver or estoppel with respect to grounds for cancellation which existed before the effective date of such renewal.”
The above quoted statutory provision was involved in a similar factual setting in Edwards v. York, 370 So.2d 641 (La.App. 4th Cir.1979), and the court decided that the insurer, having manifested its willingness to renew, was under no obligation to renew unless the insured accepted its offer by paying the premium.
So it is in our case. The insurer expressed its willingness to renew by sending plaintiff a premium notice. Since the plaintiff did not pay the necessary premium, defendant was under no obligation to renew the policy, and it expired on September 9, 1978. Therefore, the policy was not in effect on October 2, 1978, when the accident happened. The defendant was entitled to a summary judgment as a matter of law, and the suit against it was properly dismissed.
For the reasons assigned the judgment appealed from is affirmed. All costs are assessed against plaintiff-appellant, Ronald Habetz.
AFFIRMED.