649 So.2d 498 (1994)
Mary Faye LEGIER, Plaintiff-Appellee,
v.
COMMUNITY PLASMA CENTER, et al., Defendants-Appellants.
No. 94-526.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1994.
Donald G. Kelly, Natchitoches, for Mary Faye Legier.
James T. Guglielmo, Opelousas, for Community Plasma Center, et al.
Joseph F. Clark, Jr., New Orleans, for John K. Dupre & American Home Assur. Co.
Stewart Earl Niles Jr., David Roy Nicholson, New Orleans, for Nat. Council on Compensation Ins.
Before GUIDRY, C.J., and KNOLL and WOODARD, JJ.
*499 WOODARD, Judge.
The issue on appeal is whether the third-party defendant, the National Counsel on Compensation Insurance, had a duty to notify the third-party plaintiff, Community Plasma Center, that its workers' compensation insurance had expired.

FACTS
The facts in the case sub judice are not in dispute. In April of 1986, Community Plasma Center (Community), who could not secure workers' compensation insurance on the voluntary market, sought to obtain coverage through Louisiana's Assigned Risk Plan. The Assigned Risk Plan set forth the procedures by which an employer, who could not obtain workers' compensation insurance on the voluntary market, could obtain coverage as required by law. In order to obtain coverage, Community had its local insurance agent send a workers' compensation insurance application to the National Counsel on Compensation Insurance (NCCI), the administrator of the Assigned Risk Plan. Under this plan, NCCI would assign employers to a servicing insurance carrier who would agree to provide coverage. NCCI bound workers' compensation insurance for Community and assigned the coverage to CNA Insurance Company (CNA), one of the Assigned Risk Plan's servicing carriers. CNA issued a workers' compensation policy to Community with an effective date of April 15, 1986 through April 15, 1987.
On March 5, 1987, CNA sent a letter to Community to remind Community that its insurance would expire on April 15, 1987. CNA requested that, for Community to renew the policy, an attached renewal questionnaire form be completed and a premium payment of $2,140.00 be sent by the expiration date of April 15, 1987. Community completed the renewal questionnaire and sent it to CNA but did not send the premium. Since two people were being excluded on the workers' compensation coverage, Community felt this would result in a lower premium and decided not to pay the premium until CNA reviewed the questionnaire form and sent it a new bill with the lower rate. CNA did not renew the workers' compensation insurance because Community did not send its premium by April 15, 1987. CNA notified NCCI that it did not renew Community's policy, however, it did not notify Community.
On January 16, 1989, Mary Faye Legier, an employee of Community, had an accident while in the course of her employment. Subsequently, she filed a claim for workers' compensation benefits against Community. When Community discovered it did not have workers' compensation coverage with CNA, it filed a third-party demand against NCCI alleging that NCCI had a duty to keep it advised of its workers' compensation coverage. On February 12, 1992, NCCI filed a motion for summary judgment. On June 2, 1992, the trial court granted summary judgment in favor of NCCI, finding that NCCI had no duty to notify Community that its workers' compensation insurance had expired.
Community appeals and asserts the following assignment of error: The trial court erred in sustaining NCCI's motion for summary judgment.

LAW
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318 (La.1993). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits submitted, if any, show there is no genuine issue of material fact such that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966. Since there is no genuine issue of material fact in the case sub judice, the only issue is whether NCCI was entitled to summary judgment as a matter of law.
The willingness to renew an insurance policy may be manifested by the insurer by giving the insured notice of the renewal premium. Habetz v. Louisiana Farm Bureau Mutual Insurance Company, 458 So.2d 1002 (La.App. 3 Cir.1984). If the insured *500 fails to timely pay the premium, the policy expires according to its terms. Id. When an insurance policy expires because of nonpayment of the renewal premium, the insurer has no duty to send notice of cancellation to the insured. Fontenot v. Cole, 586 So.2d 730 (La.App. 3 Cir.1991).
In the case sub judice, CNA manifested its willingness to renew the policy. The policy expired on April 16, 1987 because of nonpayment of the renewal premium. CNA had no duty to notify Community that its insurance had expired. Under the Assigned Risk Plan, NCCI's primary duty was to assist Community to obtain workers' compensation insurance, which service it performed by assigning Community to CNA. Thereafter, CNA issued a policy in its own name and provided the same type of service to Community as it would for a policyholder on a voluntary basis in accordance with the Assigned Risk Plan. There is nothing in the record nor the law to suggest that NCCI had a continuing duty to provide coverage and thus, to notify Community that its insurance had expired. Further, it would be unreasonable to impose a duty on NCCI to inform Community of what it already knew from CNA's letter dated March 5, 1987. Finally, it is inconceivable that Community would expect continued coverage for more than one and one-half years without having paid a premium for that service.
Thus, we conclude NCCI was entitled to summary judgment as a matter of law and the suit against it was properly dismissed.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Cost of this appeal are assessed against Community Plasma Center.
AFFIRMED.