874 So.2d 1029 (2004)
Donovan A. LUEDKE and Barbara L. Luedke, Appellants,
v.
AUDUBON INSURANCE COMPANY, Kenneth Foley and Mississippi Windstorm Underwriting Association, Appellees.
No. 2002-CA-01825-COA.
Court of Appeals of Mississippi.
June 8, 2004.
*1030 Judy M. Guice, Biloxi, attorney for appellants.
Eugene M. Harlow, Laurel, Charles G. Copeland, Ridgeland, William E. Whitfield, Gulfport, Beau A. Stewart, Jackson, Leslie Pettis Barry, Rebecca Suzanne Blunden, attorneys for appellees.
Before KING, C.J., IRVING and MYERS, JJ.
IRVING, J., for the Court.
¶ 1. Donovan and Barbara Luedke sued Audubon Insurance Company, Kenneth Foley, and Mississippi Windstorm Underwriting Association (MWUA) for damages suffered by them when their home was damaged by a hurricane four months after their insurance policy allegedly was cancelled without notice to them. Audubon, Foley, and MWUA filed separate motions for summary judgment, and the trial judge granted each motion, finding that the insurance policy was not cancelled but that it lapsed by its own terms because the Luedkes failed to pay the renewal premium. The trial judge further found that neither the contract documents nor the statutory law imposed upon Audubon, Foley or MWUA a duty to notify the Luedkes of the expiration of the policy since the policy unambiguously stated that the period of coverage was for one year.
¶ 2. Aggrieved by the judge's decision, the Luedkes now appeal asserting the following issues: (1) a renewal notice was required prior to the policy's expiration, and (2) a cancellation notice was required after termination of the policy.
¶ 3. We find no error; therefore, we affirm the trial judge's grant of summary judgment in favor of each defendant.

FACTS
¶ 4. Donovan and Barbara Luedke applied for a windstorm and hail damage insurance policy for their home in April 1995. The application was submitted to Kenneth Foley, a licensed insurance agent, who in turn submitted the application to the Mississippi Windstorm Underwriting Association.[1] MWUA determined that the *1031 Luedkes' property was insurable and caused a one-year policy of insurance to be issued by Audubon, a servicing insurer for MWUA. The policy had an effective date of May 19, 1995, and an expiration date of May 19, 1996. Prior to the policy's expiration on May 19, 1996, Audubon mailed an expiration and renewal notice to the Luedkes informing them that their policy would expire unless it was renewed by a payment of the premium before the specified due date. The Luedkes renewed their insurance and the policy was reissued for another year beginning May 19, 1996, and expiring May 19, 1997. A notice of expiration and renewal was again sent prior to the policy's expiration, and the policy was renewed for an additional one-year term from May 23, 1997 to May 23, 1998.
¶ 5. On March 5, 1998, which was prior to the expiration of the 1997-1998 policy, MWUA claims it mailed a notice of expiration and renewal to the Luedkes, their mortgage company, and Foley.[2] However, the Luedkes maintain that they never received the notice of expiration. It is undisputed that they failed to pay the required premium for renewal of the policy which expired on May 23, 1998. On September 28, 1998, approximately four months after the expiration date of the policy, the Luedkes' property was severely damaged by a hurricane. Shortly thereafter, they contacted Foley to process a claim and was told that they no longer had coverage because their policy had expired. Additional facts will be related during our discussion of the issues.

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 6. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). "All that is required of an opposing party to survive a motion for summary judgment is to establish a genuine issue of material fact by the means available under the rule." Lowery v. Guaranty Bank and Trust Company, 592 So.2d 79, 81 (Miss. 1991). "In determining whether the entry of summary judgment is appropriate, [the appellate court] reviews the judgment de novo, making its own determination on the motion, separate and apart from that of the trial court." Id. "The evidentiary matters are viewed in the light most favorable to the nonmoving party." Id. "If after this examination, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, then summary judgment is affirmed, but if after examining the evidentiary matters there is a genuine issue of material fact, the grant of summary judgment is reversed." Id.
(1) Expiration and Renewal Notice
¶ 7. The Luedkes first contend that MWUA's written procedures required a notice of expiration and renewal be sent to them prior to the expiration of their policy.
*1032 The Luedkes rely on the following provision in MWUA's manual of rules and procedures in support of their argument that a notice of renewal was required:
Policies will not be automatically renewed. A renewal notice on form prescribed by MWUA must be submitted. Notice for renewal, complete with all data required by this Manual, received by the MWUA on or before the expiration date will be renewed without a lapse in coverage. Notices received after the date of expiration will be reinstated effective 12:01 a.m., Standard time, on the day following the date all data required by this Manual is received by the MWUA, provided there is no designated Hurricane in the Gulf of Mexico as outlined in this Manual.
A minimum of thirty (30) days advanced notice of expiration will be given to the insured and his representative.
The Luedkes also argue that MWUA had a long-standing custom and practice of sending its customers written notice prior to the expiration of their policy and that the standard practice in the industry is to provide written notice of termination before a policy expires.
¶ 8. MWUA, on the other hand, argues that the provision in its Manual of Rules and Procedures is "an internal document that is neither a part of the insurance contract, a statute, nor a document that is required by statute." Therefore, notwithstanding this provision in the manual, MWUA submits that it was not required to give the Luedkes a notice of expiration. MWUA further argues that, by statute, its policies are issued for terms of one-year, renewable annually upon application therefor and that since the Luedkes submitted neither a renewal application nor premium for the renewal of the policy which expired in May 1998, their coverage lapsed. See Miss.Code Ann. § 83-34-15 (Rev.1999). Finally, MWUA argues that the Luedkes failed to exhaust their administrative remedies; therefore, the trial court did not acquire jurisdiction to hear the Luedkes' complaint. MWUA urges the jurisdictional defect as an alternative basis for affirming the trial court's dismissal of the Luedkes's complaint.[3]
¶ 9. Although we agree with MWUA that a litigant is required to exhaust his administrative remedies before seeking judicial review, we decline to decide this appeal on the Luedkes' failure to exhaust their administrative remedies. We refuse to proceed along the exhaustion route because we find that the Luedkes' policy had expired, and they had not submitted an application for renewal. Consequently, we are not persuaded that they were either an "applicant" or an "insured" within the meaning of section VIII of MWUA's "Plan of Operation" which provides for appeals, by applicants or insureds, first to the board of MWUA and then to the Commissioner of Insurance of the State of Mississippi.
¶ 10. MWUA properly advances that "absent a statutory requirement or policy provision, an insurer has no duty to provide notice of the termination of a policy." Lowery, 592 So.2d at 83. However, when a duty exists, "[actual] receipt [of the *1033 notice] may be presumed by proof of ordinary mailing, but this presumption may be rebutted by the insured who contends that he or she did not actually receive the notice." Carter v. Allstate Indemnity Company, 592 So.2d 66, 75 (Miss.1991). "Mere denial of receipt is insufficient to create a triable issue of fact." Id.
¶ 11. The Luedkes rely heavily on Mississippi Ins. Underwriting Ass'n v. Maenza, 413 So.2d 1384 (Miss.1982) in support of their proposition. In Maenza, appellants received a notice of renewal from their insurance company before the expiration of their policy. Id. Two days before the expiration date, appellants mailed their premium payments for the renewal of the policy, but the payments were not received by the insurance company until the day after the coverage expired. Id. The insurance company treated the payment as an application for new coverage, and not a renewal of the original policy. Id. Shortly thereafter, appellants' property was destroyed by a hurricane, but the insurance company denied coverage and claimed the original policy had lapsed because the payment was not received on or before the expiration date. Id. The Mississippi Supreme Court held that the renewal was effective when the premium policy was deposited in the mail, as long as it was deposited in time to reach the insurer on or before the expiration date. Id. The court noted that since the insurance company had adopted the postal service as its agent, the failure of the premium to reach the insurance company until one day past the due date did not defeat coverage. Id.
¶ 12. Maenza is inapplicable to the case at bar. Unlike the policy in Maenza, the policy in the case sub judice expired by its own terms due to the Luedkes' failure to pay the required yearly premium necessary to renew their coverage for the following year. Here, the policy began on May 23, 1997 and ran until May 23, 1998. In order to effectively renew the policy, the Luedkes were obligated to pay the premium by the specified due date set forth in the policy. The Luedkes failed to do this, and thus the policy, by its express terms expired on May 23, 1998. "When the period of an insurance policy expires, in the absence of specific language to the contrary, the contract between the parties terminates." Krebs v. Strange, 419 So.2d 178, 182 (Miss.1982). Therefore, upon the expiration of the policy, the contract for insurance between the Luedkes and MWUA terminated, and the policy ceased to exist.
¶ 13. The Luedkes' next argument that MWUA's custom and practice was to send a notice of expiration and renewal to its customers is similarly without merit.
¶ 14. We note that several jurisdictions have held that "the requirement of an insurer to give notice of the amount and date on which a premium is due may be based upon past practice or usage of the particular insurer." Security Ins. Agency, Inc., v. Cox, 299 So.2d 192, 196 (Miss.1974) citing Minnick v. State Farm Mutual Automobile Ins. Co., 54 Del. 125, 174 A.2d 706, 713 (1961). However, we find no evidence here of a course of dealing between the parties which could have caused the Luedkes to believe that their policy would continue beyond the policy's expiration date if no notice of expiration or renewal was received by them.
¶ 15. The record reflects that, according to MWUA, a notice of expiration and renewal was mailed to the Luedkes prior to the expiration of the policy in May 1998. The Luedkes, however, deny receiving the notice. It is not disputed that MWUA sent, and the Luedkes received, a notice of expiration and renewal in prior years. But in this regard, we note that the effective date of the policy, which was renewed *1034 in May 1997, was May 23, 1997, although the policy that was being renewed had expired on May 19, not May 23, 1997. This difference in dates is indicative of the fact that the Luedkes knew or should have known that coverage terminated on the expiration date listed on the declaration page of each renewed policy unless the policy was renewed prior to the expiration date. Obviously, the renewal premium for the policy expiring May 19, 1997, was not received prior to May 19, thus explaining why the effective date of the renewed policy was May 23 instead of May 19.
¶ 16. We find no merit in the Luedkes' contention that MWUA's mailing them a notice of expiration and renewal in the prior year is sufficient to establish a course of conduct between the two parties. As we have already observed, there is nothing about the past notices which would suggest that coverage was being provided beyond the date of expiration listed on the declaration page of policy.
(2) Cancellation Notice
¶ 17. The Luedkes next argue that MWUA and Audubon should have notified them of the cancellation of their policy since their policy was cancelled for nonpayment of premium. They rely on language contained in Audubon's insurance policy and MWUA's plan of operation. The Audubon policy provided that the policy could be cancelled at any time by giving to the insured five days' written notice. Similarly, a provision in MWUA's plan of operation states that:
1. No policy issued under this Plan of Operation shall be cancelled by a servicing insurer without prior approval of the Association. Grounds for such cancellation shall be limited to:
a. Non-payment of premium; or....
2. Notice of cancellation, together with a statement of the reason therefor, shall be sent to the insured and a copy sent to the agent or broker and the association. Such notice shall be accompanied by a statement explaining that the insured has a right of appeal as hereinafter provided.
MWUA, however, maintains that since the policy expired pursuant to its own terms, the cancellation provision did not apply to the Luedkes.
¶ 18. Although the Luedkes use the terms "cancellation" and "termination or expiration" interchangeably throughout their pleadings, the two terms are not synonymous. "Cancellation as used in insurance law, means termination of a policy prior to the expiration of the policy period by an act of one or all of the parties." Waynesville Security Bank v. Stuyvesant Ins. Co., 499 S.W.2d 218, 220 (Mo.Ct.App. 1973). In contrast, "termination refers to the expiration of the policy by lapse of the policy period." Id.
¶ 19. Since the existence of the policy in the case at hand was contingent upon yearly payments, and not monthly installment payments, we find that the phrase "cancellation due to non payment of premium" in the plan of operation likely referred to midterm cancellation for actions taken on the part of MWUA and not the Luedkes. Thus, "non-payment of premium" as grounds for cancellation in the instant case would apply in instances such as where a cancellation is for non-payment of premiums in policies with installment plans, and not in policies with yearly premiums as in the Luedkes' policy. As a result, we find that the Luedkes' policy was not cancelled during its term, but instead expired by a lapse of the policy period. As previously stated, when the policy expired, the contract between MWUA and the Luedkes terminated. "When termination of the contract occur[red], [MWUA] had nothing to cancel." Krebs, 419 So.2d at 182. Likewise, several *1035 jurisdictions have held that "when an insurance policy expires because of nonpayment of the renewal premium, the insurer has no duty to send notice of cancellation to the insured." Legier v. Cmty. Plasma Ctr., 649 So.2d 498, 500 (La.Ct.App.1994). For the forgoing reason, the Luedkes' argument on this issue lacks merit.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. THOMAS, J., NOT PARTICIPATING.
NOTES
[1] Mississippi Windstorm Underwriting Association, formally Mississippi Insurance Underwriting Association, was created by the legislature in 1970 to provide property insurance for coverage against windstorms and hail to residents of the Mississippi Gulf Coast. Miss.Code Ann. §§ 83-34-1 to 83-34-29 (Rev. 2002). MWUA operates according to a plan of operation and is authorized by the legislature to promulgate rules for implementation, subject to the approval of the insurance commissioner.
[2] It is undisputed that Foley received a copy and that he did not notify the Luedkes. Although the Luedkes claim that their mortgage company did not receive the notice, the record does not conclusively indicate whether or not the mortgagee received a copy. Further, this fact is immaterial to this discussion.
[3] Section VIII of MWUA's "Plan of Operation," permits "[a]ny applicant for insurance and any person insured under the "Plan of Operation" to appeal to the board of directors any final ruling or decision of the association. Thereafter, an appeal may be taken to the Insurance Commissioner of the State of Mississippi. If the applicant or the insured is aggrieved by the decision of the commissioner a further appeal, "as provided by the insurance laws of the State of Mississippi," may be taken. Miss.Code Ann. § 83-34-19 (Rev. 1999).